SHORT RECORD
NO. 23-2723
FILED 08/31/2023

**NOTICE OF APPEAL**
**TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**
**FROM AN APPEALABLE ORDER OF THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| EIDO HUSSAM AL-NAHHAS, | ) | |
| also known as Mohammad Al-Nahhas, | ) | |
| on behalf of Plaintiff and the putative | ) | Case No.: 1:22-cv-00750 |
| class members, | ) | |
| | ) | **Notice of Appeal** |
| Plaintiff, | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| vs. | ) | Hon. Gabriel A. Fuentes |
| | ) | |
| ROSEBUD LENDING LZO d/b/a ZocaLoans; | ) | |
| 777 PARTNERS LLC; | ) | |
| TACTICAL MARKETING PARTNERS, LLC; | ) | |
| and JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF APPEAL**

Defendants 777 Partners, LLC ("777 Partners") and Tactical Marketing Partners, LLC

("Tactical") (collectively the "777 Defendants") appeal to the United States Court of Appeals for

the Seventh Circuit from the Order of the District Court denying the 777 Defendants' Motion to

Compel Arbitration entered on August 25, 2023 (ECF Nos. 123, 124).

Respectfully submitted,

By: */s/ Patrick O. Daugherty*
Patrick O. Daugherty
Nakia Arrington
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., NW
Washington, DC 20007
(202) 298-1800
pod@vnf.com
narrington@vnf.com

Scott P. Clair
SCOTT P. CLAIR, ATTORNEY AT LAW
166 W. Washington Ave., Suite 400
Chicago, IL 60602
(847) 372-6374
sclair@scottclairlaw.com

*Counsel for 777 Defendants*

Dated: August 29, 2023

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| EIDO HUSSAM AL-NAHHAS, ) <br> also known as Mohammad Al-Nahhas, ) <br> on behalf of Plaintiff and the putative ) <br> class members, ) <br> ) <br>       <u>Plaintiff</u>, ) <br> ) <br>   vs. ) <br> ) <br> ROSEBUD LENDING LZO d/b/a ZocaLoans; ) <br> 777 PARTNERS LLC; ) <br> TACTICAL MARKETING PARTNERS, LLC; ) <br> and JOHN DOES 1-20, ) <br> ) <br>       <u>Defendants</u>. ) | **DOCKETING STATEMENT** <br><br> **Case No. _____** <br><br> Appeal from N.D. Ill. Case No. <br> Case No. 1:22-cv-00750 |

## DOCKETING STATEMENT

Defendants 777 Partners, LLC ("777 Partners") and Tactical Marketing Partners, LLC ("Tactical") (collectively the "777 Defendants") provide the following docketing statement pursuant to Circuit Rules 3(c)(1) and 28(a).

### I.     JURISDICTION OF THE DISTRICT COURT

In the case below, Plaintiff asserts that the district court had jurisdiction as a civil action arising under the laws of the United States pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 1964, 28 U.S.C. § 1337, 28 U.S.C. § 1367, and 28 U.S.C. § 1332(d).

### II.     JURISDICTION OF THE COURT OF APPEALS

This appeal is taken from an appealable order of the United States District Court for the Northern District of Illinois denying the 777 Defendants' Motion to Compel Arbitration.  The order was entered on August 25, 2023 by the Honorable Judge John J. Tharp, Jr.

The United States Court of Appeals for the Seventh Circuit has jurisdiction to decide this appeal pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a).  In the FAA, "Congress provided for immediate interlocutory appeals of orders denying . . . motions to compel arbitration." *Coinbase, Inc. v. Bielski*, 599 U.S. ___, 143 S. Ct. 1915, 1919 (2023) (emphasis omitted).

Respectfully submitted,

By: */s/ Patrick O. Daugherty*
Patrick O. Daugherty*
Nakia Arrington
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., NW
Washington, DC 20007
(202) 298-1800
pod@vnf.com
narrington@vnf.com

Scott P. Clair
SCOTT P. CLAIR, ATTORNEY AT LAW
166 W. Washington Ave., Suite 400
Chicago, IL 60602
(847) 372-6374
sclair@scottclairlaw.com

*Counsel for 777 Defendants*

* *Lead Counsel*

Dated: August 29, 2023

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
### Eastern Division

Eido Hussam Al−Nahhas

                    Plaintiff,

v.                                   Case No.: 1:22−cv−00750
                                   Honorable John J. Tharp Jr.

Rosebud Lending LZO, et al.

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 25, 2023:

      MINUTE entry before the Honorable John J. Tharp, Jr: For the reasons set forth in the Court's accompanying Memorandum Opinion and Order, the 777 Defendants' motion to compel arbitration is denied. Enter Order. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EIDO HUSSAM AL-NAHHAS, also known as Mohammad Al-Nahhas, | ) ) ) ) ) | No. 22-cv-750 |
| Plaintiff, | ) ) ) | Judge John J. Tharp, Jr. |
| v. | ) ) ) | |
| ROSEBUD LENDING LZO d/b/a ZocaLoans; 777 PARTNERS LLC; TACTICAL MARKETING PARTNERS, LLC, and JOHN DOES 1-20, | ) ) ) ) ) ) | |
| Defendants. | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Eido Hussam Al-Nahhas and Defendant Rosebud Lending LZO (doing business as "ZocaLoans") entered into a series of loan agreements that Al-Nahhas alleges were illegal and usurious under Illinois law. Al-Nahhas brought this proposed class action lawsuit against ZocaLoans, a company that purports to be tribally owned, and two other entities: 777 Partners LLC and Tactical Marketing Partners, LLC (the "777 Defendants"). Al-Nahhas contends that the 777 Defendants ran the show behind the scenes, using ZocaLoans' tribal immunity as a bulwark against liability for their predatory lending practices. Al-Nahhas has settled this suit with ZocaLoans, but the claims against the 777 Defendants remain.

Over fourteen months after Al-Nahhas filed his complaint, the 777 Defendants moved to compel arbitration, invoking a provision found in the loan agreements between Al-Nahhas and ZocaLoans. That provision, however, cannot help the 777 Defendants escape litigating this suit

in federal court. The 777 Defendants waived any purported arbitration right they claimed to have by making themselves at home here. In any event, the 777 Defendants cannot claim an agreement between Al-Nahhas and ZocaLoans as a source of the arbitration right as non-signatories to that agreement. Accordingly, the 777 Defendants' motion to compel arbitration is denied.

## BACKGROUND

ZocaLoans is a subsidiary of a corporation wholly owned by the RoseBud Sioux Tribe. As a lending business, ZocaLoans offers customers, including Illinois residents like plaintiff Al-Nahhas, short-term payday loans. "Payday loans are ostensibly short-term cash advances for people who face unexpected obligations or emergencies. The loans are typically for small sums that are to be repaid quickly—in anywhere from several weeks to a year." *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 117 (2d Cir. 2019). These loans are characterized by exorbitantly high interest rates and fees and are banned in many states. *Id.* ZocaLoans' products are no exception: the annual percentage interest rates of some of the loans Al-Nahhas incurred exceeded 690 percent.

According to Al-Nahhas, the 777 Defendants and their subsidiaries are the true architects behind the ZocaLoans lending operation. Al-Nahhas alleges that the 777 Defendants use ZocaLoans—and its tribal sovereign immunity—to shield themselves from liability for offering loans considered usurious and illegal under Illinois law. At this juncture of the case, however, the plausibility of those allegations is not at issue. Instead, the parties' dispute centers around a series of loan agreements between Al-Nahhas and ZocaLoans, and specifically the arbitration provisions those agreements contain.

Between January 2020 and September 2021, Al-Nahhas took out four installment loans in amounts less than $1,000 from ZocaLoans. Each of the agreements between ZocaLoans and Al-

Nahhas to pay back the borrowed money (the "Loan Agreements") contained an arbitration provision pursuant to which Al-Nahhas agreed to arbitrate "any Dispute." 9/24/2021 Loan Agreement at 5, Ex. D to Compl., ECF No. 1-2.[1]

In relevant part, the Loan Agreements defined "Dispute" as including, "without limitation:"

> (a) all claims, disputes, or controversies arising from or relating directly or indirectly to this Arbitration Provision, ("this Provision"), the validity and scope of this Provision and any claim or attempt to set aside this Provision;
> (b) all U.S. federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to this Agreement, the information you gave us before entering into this Agreement, including your customer information application, and/or any past loan agreements between you and us;
> (c) all counterclaims, crossclaims and third party claims; [and]
> . . .
> (g) all claims asserted by you individually against the Tribe, us and/or any of our employees, agents, directors, officers, governors, managers, members, parent company or affiliated entities (collectively, "related third parties"), including claims for money damages and/or equitable or injunctive relief [.]

*Id.*

The arbitration provisions further provided that either Judicial Arbitration and Mediation Services of the American Arbitration Association would handle demands for arbitration, but that the arbitrator would apply the laws of the Rosebud Sioux Tribe. Any arbitration award would be enforced in the courts of the Rosebud Sioux Tribe or the Tribe's governmental regulator.

On February 10, 2022, Al-Nahhas sued ZocaLoans and the 777 Defendants on behalf of himself and a class of other Illinois residents who obtained high-interest-rate loans from ZocaLoans. The defendants jointly answered the complaint on September 1, 2022 and demanded

---

[1] For ease of citation, the Court refers to the most recent Loan Agreement between ZocaLoans and Al-Nahhas. All four Loan Agreements contain nearly identically worded arbitration provisions.

a jury trial. Neither their answer nor the Initial Status Report the parties jointly filed on September 9, 2023, made mention of any possibility of arbitration.[2] The Court subsequently set an initial discovery schedule and referred the case to Magistrate Judge Fuentes for discovery supervision and any further scheduling. Two months later, defendants' counsel moved to withdraw representation, citing "irreconcilable differences." New counsel for the 777 Defendants appeared on November 30, 2022, and in January of the new year, Al-Nahhas and the 777 Defendants filed a joint status report seeking to modify the discovery schedule previously set by the Court. In that status report, the 777 Defendants represented that they were "working to prepare Rule 26 disclosures and respond to the discovery propounded by plaintiff." 1/19/2023 Status Report ¶ 5, ECF No. 38.

New counsel for ZocaLoans appeared on March 2, 2023. The next day, Al-Nahhas moved to compel discovery from the 777 Defendants. In that motion, Al-Nahhas represented that he served discovery on the 777 Defendants in October 2022. He also represented that he conferred with the 777 Defendants' new counsel regarding discovery by telephone in December 2022 and February 2023 and by email in January 2023 and February 2023. Magistrate Judge Fuentes ordered a hearing on the motion, but before the hearing took place, the parties represented in a March 6, 2023 status report that the 777 Defendants agreed to respond to discovery by March 27, 2023.

---

[2] The Court recognizes that seven months is a long time to answer the complaint. After Al-Nahhas served ZocaLoans and the 777 Defendants, counsel moved for an extension of time to respond to the complaint, which the Court granted. Five days after the defendants missed the extended deadline, Al-Nahhas moved for an entry of default. The Court granted the defendants' subsequent motion to set aside the default, and the defendants answered the complaint in September 2022. The 777 Defendants attribute this delay to prior counsel's "lack of representation." 777 Defs.' Reply at 4, ECF No. 97.

Three days later, on March 9, 2023, the parties jointly moved for the entry of a confidentiality order. In response to Al-Nahhas's request for consent to file that joint motion, ZocaLoans' counsel consented with a reservation of a right to move to compel arbitration. Although the 777 defendants assert that counsel for 777 Defendants presented the same reservation, Al-Nahhas claims that they never privately raised arbitration. Al Nahhas further posits that March 2023 was the first time that ZocaLoans mentioned arbitration. About a month later, on April 7, 2023, ZocaLoans moved to compel arbitration and to stay discovery. The 777 Defendants followed suit on April 11, 2023.

Al-Nahhas and ZocaLoans have subsequently represented to the Court that they have reached a settlement to resolve Al-Nahhas's claims. This opinion therefore resolves only the 777 Defendant's motion to compel arbitration.

### DISCUSSION

The Federal Arbitration Act "mandates enforcement of valid, written arbitration agreements." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002). "To compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). That said, courts "evaluate agreements to arbitrate under the same standards as any other contract." *Tinder*, 305 F.3d at 733. It follows, therefore, that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

Only the first requirement of a motion to compel, whether Al-Nahhas and the Defendants agreed to arbitrate, is before the Court. Al-Nahhas posits that no enforceable arbitration agreement exists because (1) the 777 Defendants acted inconsistently with any purported

5

arbitration right, (2) the 777 Defendants were not parties to the Loan Agreements, and (3) the arbitration agreements' exclusive application of Tribal law renders them unenforceable as prospective, unconscionable waivers of Al-Nahhas's rights. The Court addresses each issue in turn.

In resolving a motion to compel arbitration, the Court applies the same evidentiary standard as that governing summary-judgment motions. *Tinder*, 305 F.3d at 735. That means "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## I.  Waiver

Al-Nahhas first argues that the 777 Defendants have waived the right to compel arbitration by failing to assert it earlier in the proceedings. "Like other contractual rights . . . the right to arbitrate is waivable." *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 891 (7th Cir. 2020). In determining whether a party waived its arbitration right, courts consider whether, "based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Id.* (quoting *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002)).

### A.  Proper Decisionmaker

Before passing on the substance of the waiver question, the Court must determine whether it is appropriate to address it at all. The 777 Defendants argue that it is not, positing that the arbitrator must decide waiver questions. This is especially so, argue the 777 Defendants, in light of the provisions in the Loan Agreements delegating threshold arbitrability questions to the arbitrator.

Although authority points in competing directions, *compare Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 16 C 8075, 2017 WL 1954545, at *2 (N.D. Ill. May

11, 2017) *with Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 784 (N.D. Ill. 2021), the Court agrees with Al-Nahhas that the issue of waiver through litigation conduct is one for courts to decide. As Judge Feinerman noted in *Lukis*, § 3 of the Federal Arbitration Act exempts suits from mandatory stays pending arbitration when they involve parties who are "in default." 9 U.S.C. § 3. Many courts have interpreted "default" as used in § 3 to be synonymous with waiver through participation in litigation. *Lukis*, 535 F. Supp. 3d at 785 (collecting cases). Moreover, the ability of courts to address waiver by litigation conduct is consistent with parties' obligation to move for arbitration and courts' inherent power to determine whether a party forfeited a right through delay. *Id.* And, as Judge Feinerman further observed, holding otherwise would lead to "absurd consequences," such as, for example, sending a case to an arbitrator to determine whether a party waived its arbitration rights in the middle of trial. *Id.* at 786.

Supreme Court cases, to be sure, have used the word "waiver" when referring to issues within the arbitrator's domain. *See, e.g.*, *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 34, (2014) (observing that that "courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration," including "waiver, delay, or a like defense to arbitrability" (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983))). *But see Lillegard*, 2017 WL 1954545, at * 2 (noting this language but acknowledging tension in the case law). But as various circuit courts have noted, Supreme Court caselaw most likely refers to contractual waiver—such as, for example, a failure to satisfy a prerequisite for arbitration enumerated in a contract—rather than the litigation-conduct waiver that arises when a party fails to assert an arbitration right during court proceedings. *Lukis*, 535 F. Supp. 3d at 786-87. Whether a party's

conduct amounts to the former type of waiver is a decision delegated to an arbitrator, while the latter remains the province of courts.

This conclusion flows logically from the respective roles of court and arbitrator. After all, whether a party waived its right to arbitrate based on litigation conduct has nothing to do with the language of a contractual arbitration provision. It would make little sense for an arbitrator, who is tasked with interpreting contractual language, to interpret the parties' in-court conduct. Judge Feinerman's example about the assertion of arbitration rights in the middle of trial illustrates the point: a court managing a docket leading up to trial is better suited to interpret the parties' intentions than an absent arbitrator. The Supreme Court, moreover, has recently accepted the premise that the courts decide questions of litigation-conduct based waiver without question. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1711 (2022) (noting that, when defendants delay in staying litigation pending arbitration, "***the court*** faces a question: Has the defendant's request to switch to arbitration come too late?" (emphasis added)). As a matter of statutory interpretation and common sense, a court is better suited to decide whether parties' litigation conduct amounts to waiver.

### B.    Parties' Litigation Conduct

Satisfied that it has the authority to decide the waiver issue, the Court turns to the litigation conduct at issue here. Several factors guide courts in the waiver analysis, including "whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Weighing most heavily is whether the party moving for arbitration exercised diligence. *Id.* In other words, courts ask, "[d]id 'the party seeking arbitration . . . do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?'" *Smith v. GC*

*Servs. Ltd. P'ship*, 907 F.3d 495, 499 (7th Cir. 2018) (quoting *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)).

Al-Nahhas raises several facts that he claims exhibit a lack of diligence on the part of the 777 Defendants. First, the 777 Defendants answered the complaint, including five affirmative defenses in their answer. Arbitration was not among them. By failing to include the arbitration defense in their answer, the 777 Defendants risked waiving it under Federal Rule of Civil Procedure 8(c)(1).[3]

Nonetheless, "a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 309 (7th Cir. 2010) (quoting *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009)). The 777 Defendants' failure to raise the arbitration issue right away did not substantially prejudice Al-Nahhas. Although, as described below, the 777 Defendants drove Al-Nahhas to expend resources to file a motion to compel, discovery barely progressed prior to the filing of the motion

---

[3] Rule 8(c)(1) requires parties responding to a pleading to "affirmatively state any avoidance or affirmative defense," including (among numerous other doctrines) "arbitration and award." There is a split of authority in the Circuits as to whether this rule requires the pleading of a prospective right to arbitrate the claim or applies only when arbitration of the claim has already occurred. *Compare*, *e.g.*, *Johnson Assocs. Corp. v. HL Operating Corp.*, 2010 WL 4942788, *2-3 (M.D. Tenn. Nov. 30, 2010) (reviewing 6th Circuit authority holding that 8(c)(1) requires pleading of a prospective right to arbitrate) *with Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010) (Rule 8(c) requires only pleading of an arbitration that has already occurred). The Seventh Circuit has not addressed this question, but in light of the appendage of "and award," this reference to arbitration likely refers not to a right to prospectively arbitrate a claim but to an arbitration proceeding that has already occurred—in other words, it is a species of *res judicata*. Nevertheless, the list set forth in the rule is not exhaustive, and "by requiring the defendant to plead any of the listed affirmative defenses and any other matters of avoidance that it wishes to raise or risk waiving them," the rule "serves the purpose of giving the opposing party notice of the defenses that are being put in issue and preserves the defendant's opportunity to argue why the claim for relief should not be barred completely." C. Wright & A. Miller, 5 Fed. Prac. & Proc. Civ. § 1270 (4th ed.). So, while failing to affirmatively plead a right to arbitration in an answer is not fatal standing alone, it is nevertheless inconsistent with an intent to arbitrate.

to compel. The parties, moreover, have not filed any dispositive motions. Rule 8(c) serves to give the opposing party notice of the affirmative defense and the opportunity to rebut it; if those conditions are satisfied, a finding of waiver may not be appropriate. *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) (district court has discretion to allow an answer to be amended to assert an affirmative defense not raised initially). Here, Al-Nahhas knew of the arbitration clause in the contract he signed. And he has seized the opportunity to rebut the defense by responding to the instant motion. Defendants therefore did not waive the arbitration right merely by failing to plead it in their answer pursuant to Rule 8(c).

The Federal Rules do not end the inquiry, however. Prejudice may be a prerequisite to finding that a party waived an affirmative defense pursuant to Rule 8(c), but a party may still waive an arbitration defense, notwithstanding any lack of harm to the non-moving party. Indeed, "where it is clear that a party has forgone its right to arbitrate, a court may find waiver even if that decision did not prejudice the non-defaulting party." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 590 (7th Cir. 1992); *accord Morgan*, 142 S. Ct. at 1711. If defendants acted inconsistently with the right to arbitrate, they waived arbitration, prejudice to plaintiff or not. The Seventh Circuit has explained why: "[p]arties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election— against arbitration." *Cabinetree*, 50 F.3d at 391.

The Court returns, therefore, to the 777 Defendants' litigation conduct. Fourteen months passed between the initiation of this suit and the 777 Defendants' motion to compel.[4] Eight of

---

[4] The 777 Defendants claim that they agreed to consent to the joint confidentiality order subject to a reservation of their arbitration rights but provide no record evidence to support that assertion. Al-Nahhas, however, asserts that the 777 Defendants never privately demanded

those months passed after the defendants filed their answer. That is a substantial period of time. *See Smith*, 907 F.3d at 500 (finding defendant acted inconsistently with arbitration right when it waited eight months to demand arbitration from the filing of suit). The 777 Defendants have attributed the delay to problems securing representation. Prior counsel, who jointly represented all the defendants, effectively abandoned representing the defendants at the start of litigation and formally moved to withdraw on November 16, 2022. The 777 Defendants' subsequent counsel appeared two weeks later, on November 30, 2022.

Although unfortunate, the 777 Defendants' difficulty with prior counsel is an "inadequate explanation" for the delay in seeking arbitration and militates against a finding that they acted diligently. *Id.* at 499-500. It is axiomatic that an attorney's acts as agent are attributable to the clients as principals. "That an attorney's conduct of the suit is inadequate may be grounds for a malpractice action against the attorney, but it is certainly no basis for requiring the defendant to pay the price of opposing counsel's dereliction." *Arteaga v. United States*, 711 F.3d 828, 834 (7th Cir. 2013). Prior counsel's failure to pursue arbitration cannot explain the delay. And a party delinquent in seeking to vindicate its rights cannot be said to have acted diligently. *See, e.g.*, *VIPshop Int'l Holdings, Ltd. v. Transpacific Trade Ctr. LLC*, No. 20 C 2557, 2022 WL 4119787, at *3 (N.D. Ill. Sept. 9, 2022).

To be sure, delay alone does not compel a waiver finding. *See Kawasaki*, 660 F.3d at 996 (two-year delay in moving to arbitrate not considered waiver where defendant "mentioned its desire to arbitrate at every turn"). "The question is not simply how much time has passed. The question is what the parties have done in the meantime." *Burke v. Amedisys, Inc.*, No. 17-CV-9232, 2023 WL 2803500, at *2 (N.D. Ill. Jan. 11, 2023) (thirteen-month delay in moving to

---

arbitration. The Court must construe the facts in the light most favorable to Al-Nahhas as the non-moving party. *Tinder*, 305 F.3d at 735.

compel did not necessitate waiver finding). The defendants' dilatory conduct is relevant in considering whether defendant acted diligently, *see VIPshop*, 2022 WL 4119787, at *3, but the central inquiry is whether the parties' participation in the litigation was consistent with its assertion of the arbitration right, *Kawasaki*, 660 F.3d at 994.

Assuming they enjoyed any arbitration right to assert (and as explained below, they did not), the 777 Defendants' conduct belied an intent to arbitrate. In addition to their fourteen-month delay, the 777 Defendants led Al-Nahhas on a fruitless discovery chase. On March 3, 2023, Al-Nahhas's counsel filed a motion to compel discovery from the 777 Defendants, representing that he conferred with counsel about responding to his discovery requests in December 2022, January 2023, and February 2023. Even acknowledging the 777 Defendants' difficulty with prior counsel until November 2022, it is unclear why, once they retained new counsel, the 777 Defendants failed, on four separate occasions when they communicated about the status of discovery, to inform Al-Nahhas of their intent to seek arbitration.[5] After Al-Nahhas moved to compel, moreover, the 777 Defendants agreed to respond to Al-Nahhas's discovery requests by the end of the month. It would be one thing if the 777 Defendants "merely respon[ded]" to discovery requests to "comply with obligations imposed by court rules." *Smith*, 2015 WL 5921098, at *4 (quoting *Honomichl v. Integrated Int'l Payroll Ltd.*, No. 09–CV–7218, 2010 WL 2025395, at *6 (N.D. Ill. May 21, 2010)). It is quite another to drag out discovery—by ignoring requests and repeatedly failing to mention arbitration during conferrals—and then

---

[5] Before Magistrate Judge Fuentes, the 777 Defendants' current counsel explained their delay in seeking arbitration by blaming prior counsel for failing to tender discovery and discovery requests to them. But Al-Nahhas attached the Loan Agreements to the complaint filed on the docket. The 777 Defendants thus cannot claim that they were unaware of the arbitration provisions at any point in this proceeding.

"drop[] a bombshell" by moving to compel arbitration only after finally agreeing to respond. *Cabinetree*, 50 F.3d at 389. That kind of about face does not manifest an intent to arbitrate.[6]

The 777 Defendants disagree and compare this case to *Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 16 C 8075, 2017 WL 1954545 (N.D. Ill. May 11, 2017). In that case, a court in this district found that defendants did not waive a right to arbitrate despite defendant's participation in discovery. *Id.* at *3. True, that case presents certain similarities; there, like here, the defendants did not remove the case to federal court, did not move to dismiss the case, and did not participate in non-written discovery. *Id.* In *Lillegard*, however, only six months passed between the filing of the complaint and the defendants' assertion of the arbitration right in court. *Id.* The 777 Defendants' fourteenth-month delay here is more than twice that long. And here, the 777 Defendants' silence on the arbitration point drove Al-Nahhas to move to compel discovery—despite multiple conferrals—and their subsequent representations led Al-Nahhas to believe that discovery responses were forthcoming. Nothing in *Lillegard* suggests the defendants there engaged in conduct similarly inconsistent with an intent to arbitrate.

This is not a case, moreover, in which defendants moved to compel arbitration as soon as they learned of the arbitration right. *Compare Kashkeesh v. Microsoft Corp.*, No. 21 CV 3229, 2023 WL 4181226, at *6 (N.D. Ill. June 26, 2023) (finding no waiver where defendant "didn't hesitate" once it learned about the arbitration clause). The 777 Defendants knew of the arbitration provision from the time Al-Nahhas filed the complaint, and at the very least by the time new counsel joined the case in November 2022. Yet, they sat on their hands and led Al-Nahhas to believe that they intended to proceed with discovery.

---

[6] In evaluating the 777 Defendants' litigation conduct, the Court does not consider any discovery that occurred after the 777 Defendants filed their motion to compel and accompanying motion to stay proceedings. The Court recognizes that Magistrate Judge Fuentes denied the stay motion and that the parties are obligated to participate in discovery pursuant to that decision.

Thus, even if the 777 Defendants could assert rights under Al-Nahhas's agreement with ZocaLoans (and as discussed below, they cannot), they waived any hypothetical right to arbitration through their conduct.

## II.    777 Defendants as Non-Signatories

Al-Nahhas argues that, even if the 777 Defendants had not waived a purported right to arbitration, their motion to compel arbitration fails for an independent reason. The 777 Defendants cannot assert an arbitration right as non-signatories to the contract between Al-Nahhas and ZocaLoans. The Court agrees.

Like the waiver issue, the Court must first determine whether it should leave this issue to an arbitrator. The "somewhat muddled state of federal law" notwithstanding, courts within this district have held that a non-signatory's standing to enforce an arbitration agreement is an issue for courts, rather than an arbitrator, to decide. *O'Connor v. Ford Motor Co.*, No. 19-CV-5045, 2023 WL 130522, at *5 (N.D. Ill. Jan. 9, 2023). "Whether [a non-signatory] has a right to compel arbitration is an issue of contract formation and must be decided by the court (regardless of the agreements' delegation clause)." *Kashkeesh*, 2023 WL 4181226, at *2 n.3. (collecting cases); *see also CCC Intelligent Sols. Inc. v. Tractable Inc*., 36 F.4th 721, 723 (7th Cir. 2022) (agreeing that "a judge must decide whether the parties have agreed to arbitrate" in case interpreting the rights of a non-signatory to a contract); *Giron v. Subaru of Am., Inc.*, No. 22-CV-75, 2022 WL 17130869, at *4 (N.D. Ill. Nov. 21, 2022).

Having established the proper decisionmaker, the Court looks to Illinois law to decide whether the 777 Defendants may assert an arbitration right under the Loan Agreements. *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) ("A nonparty's right to enforce an arbitration

agreement is governed by state law.").[7] Under Illinois law, "[a] nonsignatory to a contract typically has no right to invoke an arbitration provision contained in that contract." *Id.* at 639 (citing *Caligiuri v. First Colony Life Ins. Co.*, 318 Ill. App. 3d 793, 252 Ill. Dec. 212, 742 N.E.2d 750, 755 (2000)). Illinois law recognizes, however, that third-party beneficiaries contemplated under the contract and agents of the contracting parties can invoke a contract's arbitration clause. *Id*. A nonsignatory seeking to enforce an arbitration agreement may also argue that a signatory is equitably estopped from resisting arbitration under certain circumstances. *Id.* The 777 Defendants invoke each of these three exceptions to glom onto the Loan Agreements. None of these exceptions, however, carry the day for the 777 Defendants.

### A.    Third-Party Beneficiary

The 777 Defendants first argue that the contract expressly contemplates them as third-party beneficiaries. To prevail on this argument, they must overcome a "strong presumption against conferring contractual benefits on noncontracting third parties." *Sosa*, 8 F.4th at 639 (quoting *Marque Medicos Farnsworth, LLC v. Liberty Mut. Ins. Co.*, 2018 IL App (1st) 163351, ¶ 12, 117 N.E.3d 1155). That is no easy feat; Illinois law requires that "the implication that the contract applies to third parties must be so strong as to be practically an express declaration." *Id.* (quoting *155 Harbor Drive Condo. Ass'n v. Harbor Point Inc.*, 209 Ill. App. 3d 631, 154 Ill.

---

[7] The parties seem to agree that Illinois law controls, and the Court sees no reason to disturb that decision. The plaintiff pursues legal theories grounded in the federal Racketeer Influenced and Corrupt Organization Act and state consumer protection laws against the 777 Defendants, and the Court is exercising supplemental jurisdiction over the state-law claims. "Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Under Illinois choice-of-law rules, courts apply forum law "unless an actual conflict with another state's law is shown, or the parties agree that forum law does not apply." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) (quoting *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020)). The party seeking a choice-of-law determination bears the burden to raise a conflict. *Id.* Here, neither party contests that Illinois law applies so the Court will operate under that assumption.

Dec. 365, 568 N.E. 2d 365, 375 (1991)). An intention to directly benefit a third party must manifest in "identifying the third-party beneficiary by name or by description of a class to which the third party belongs." *Id.* (quoting *Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 329 Ill. Dec. 82, 905 N.E.2d 920, 924 (2009)).

The Loan Agreements do not identify the 777 Defendants by name, and the 777 Defendants do not so claim. They argue instead that language in the contracts describes a class to which they belong. First, they point out that a "Dispute" mandating arbitration includes any claims "arising from or relating directly or indirectly to this agreement." 9/24/2021 Loan Agreement at 5, Ex. D to Compl., ECF No. 1-2. Al-Nahhas's dispute with the 777 Defendants undoubtedly arises from the Loan Agreements. But that limitation describes only the content of the dispute, not a *class* of persons to whom the dispute applies. *Compare Kashkeesh*, 2023 WL 4181226, at *1 (finding non-signatory was beneficiary where plaintiff agreed to arbitrate any dispute "between themselves and any other entity"). Without an "express provision" that identifies the parties subject to the dispute, a broad definition of "Dispute" alone does not manifest the requisite intent to confer a benefit upon a specific third party. *Sosa*, 8 F.4th at 639.

Second, the 777 Defendants reference the provision defining "Dispute" as "all counterclaims, crossclaims and third party claims." 9/24/2021 Loan Agreement at 5, Ex. D to Compl., ECF No. 1-2. Read in context, however, that provision cannot mean that it covers any claim that a plaintiff makes against any third party. *Gallagher v. Lenart*, 226 Ill. 2d 208, 233, 874 N.E.2d 43, 58 (2007) ("[B]ecause words derive their meaning from the context in which they are used, a contract must be construed as a whole, viewing each part in light of the others."). "Counterclaims" and "crossclaims" are civil procedure terms that refer to claims a defendant makes against a plaintiff or against a co-defendant, respectively. A third-party claim in this

context, therefore, can only refer to a suit a ***defendant*** brings against an outside party. If, for example, ZocaLoans sued the 777 Defendants to recover for any of Al-Nahhas' claims against ZocaLoans, Al-Nahhas would have to arbitrate any dispute stemming from that crossclaim. *See, e.g.*, Fed. R. Civ. P. 14 (a)(3). But here, ZocaLoans has not sued the 777 Defendants; Al-Nahhas's lawsuit against the 777 Defendants stands independently. Because Al-Nahhas's suit is not a "third-party claim" within the meaning of the agreement, that provision does not describe a class to which the 777 Defendants belong either.

### B. Agency

The 777 Defendants next attempt to assert rights under the agreement pursuant to an agency theory. Both the language of the Loan Agreements—which include in their definition of "Dispute" "all claims asserted by [Al-Nahhas] individually against the Tribe, us and/or any of our employees, agents, directors, officers, governors, managers, members, parent company or affiliated entities"—and Illinois law—*see Ervin v. Nokia, Inc.*, 349 Ill. App. 3d 508, 512, 812 N.E. 2d 534, 539 (2004)—allow agents to invoke arbitration rights on behalf of the principal. "The test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal." *Chemtool, Inc. v. Lubrication Techs.*, *Inc.*, 148 F.3d 742, 745 (7th Cir. 1998) (quoting *Anderson v. Boy Scouts of Am., Inc.*, 226 Ill.App.3d 440, 168 Ill. Dec. 492, 589 N.E.2d 892, 894 (1992)) (collecting Illinois cases). Notably, the 777 Defendants maintain their independence from ZocaLoans and renounce any agency relationship. *See*, *e.g.*, Reply at 10 & n.6. Instead, the 777 Defendants claim that Al-Nahhas should be held to the allegations of agency in his complaint. Several problems plague that argument.

As a matter of pleading, Al-Nahhas's complaint does not suggest that the 777 Defendants were agents of ZocaLoans. In fact, Al-Nahhas suggests the opposite: that the 777 Defendants

exercised complete control over ZocaLoans—in other words, that ZocaLoans was an agent of the 777 Defendants. The language of the arbitration agreement, however, defines "Dispute" as one between Al-Nahhas and ZocaLoans' "agents," not one of its principals. 9/24/2021 Loan Agreement at 5, Ex. D to Compl., ECF No. 1-2.

If the 777 Defendants mean to suggest that they are entitled to arbitrate because ZocaLoans was acting as their agent when it entered into the Loan Agreements, the argument fails both procedurally and substantively. The 777 Defendants hinted at this argument, but only in their reply brief, thereby forfeiting it. *See Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019). And forfeiture aside, they have not offered anything to show that ZocaLoans had any "power to conduct legal transactions" in their names. *Ervin*, 349 Ill. App. 3d at 512, 812 N.E.2d at 539. In fact, they have disclaimed this very relationship.

The 777 Defendants also cite to an allegation in Al-Nahhas's complaint, which states that one of the 777 Defendants, Tactical Marketing Partners, LLC, "obtains consumer reports (credit reports) as an agent or authorized service provider for ZocaLoans." Compl. ¶ 22, ECF No. 1. But that allegation does not begin to support an inference that the scope of Tactical Marketing's agency extended to consummating or enforcing loan transactions on behalf of ZocaLoans. From that allegation alone, it does not follow that Tactical Marketing (much less both defendants) have legal authority "to affect legal relationships," *Sosa*, 8 F.4th at 641, on behalf of ZocaLoans. *See Chemtool*, 148 F.3d at 745 ("[N]ot all conduct creates agency relationships.").

No matter what Al-Nahhas alleges, moreover, the 777 Defendants cannot enforce an arbitration agreement as agents of ZocaLoans while disclaiming the authority to do so. Courts have required "evidence" of control and authority to support a claim of agency sufficient to invoke an arbitration right. *Sosa*, 8 F.4th at 641 (requiring "evidence" of control and authority to

support claim of agency); *see also Noe v. Smart Mortg. Ctrs., Inc.*, No. 21 CV 1668, 2021 WL 4283027, at *6 (N.D. Ill. Sept. 21, 2021) (rejecting agency argument when defendants had "not offered evidence that [signatory] had control authority over the [non-party defendants'] work"). The 777 Defendants offer none. Instead, they concede that they are not agents of ZocaLoans at all. In so admitting, they must accept the accompanying concession that they have no legal authority to enforce the arbitration provisions based on agency. *See Ervin*, 349 Ill. App. 3d at 513, 812 N.E. 2d at 540 (rejecting defendant's claim of agency, particularly when the nonsignatory "steadfastly denie[d]" any relationship to the signatory). An agency theory does not bring 777 Defendants into a class contemplated by the Loan Agreements.

      **C.    Equitable Estoppel**

      Finally, the 777 Defendants claim that they can assert arbitration rights pursuant to an equitable-estoppel theory. Under Illinois law, "[a] claim of equitable estoppel exists where a person, by his or her statements or conduct, induces a second person to rely, to his or her detriment, on the statements or conduct of the first person." *Sosa*, 8 F.4th at 641 (quoting *Ervin*, 349 Ill. App. 3d at 514, 812 N.E. 2d at 541). The party invoking equitable estoppel must have had no actual or constructive knowledge of the facts and must have reasonably relied on the other party's statements or conduct. *Id.*

      The 777 Defendants do not identify any of Al-Nahhas's statements or conduct that induced their detrimental reliance. Al-Nahhas contracted only with ZocaLoans; the 777 Defendants were not subject to the terms of the agreement.

      Instead of relying on the standard governing equitable estoppel claims under Illinois law, the 777 Defendants cite to *Paragon Micro, Inc. v. Bundy*, 22 F. Supp. 3d 880, 890 (N.D. Ill. 2014). In that case, the court articulated a federal common law standard for equitable estoppel, noting that it applies "when the signatory references to or presumes the existence of a written

agreement in asserting its claims against the non-signatory, and when the signatory raises allegations of 'substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract.'" *Id.* at 889-90 (N.D. Ill. 2014) (quoting *Hoffman v. Deloitte & Touche, LLP*, 143 F. Supp. 2d 995, 1004-05 (N.D. Ill. 2001)). Defendants' citation is a puzzling choice, given that the Seventh Circuit disavowed *Paragon Micro*'s application in *Sosa*, a case that the 777 Defendants subsequently cite. *Sosa*, 8 F.4th at 641-42.

In any case, courts have invoked this form of equitable estoppel when plaintiffs attempt to use a contract both as a sword and a shield. For example, a plaintiff cannot simultaneously assert that a defendant owes it a contractual duty but that the arbitration provision found in the contract does not apply to that defendant. *See Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 838-39 (7th Cir. 1981). Al-Nahhas's claims in this case are different; Al-Nahhas does not seek to enforce any terms of his agreement with ZocaLoans against the 777 Defendants. Rather, Al-Nahhas's claims center on the 777 Defendants' conduct: their alleged predatory lending in violation of Illinois law. Thus, even if Illinois law permitted parties to invoke equitable estoppel without asserting detrimental reliance—and it does not—the 777 Defendants could not rely on such a theory.

In short, the 777 Defendants did not form an agreement with Al-Nahhas. Having failed to show that they were intended beneficiaries of the Loan Agreements, that ZocaLoans exercised control or authority over their activities, or that Al-Nahhas induced them to act to their detriment, the 777 Defendants cannot claim the benefit of arbitration pursuant to those agreements.

\*    \*    \*

The 777 Defendants cannot compel Al-Nahhas to arbitrate for two independent reasons.[8] By acting inconsistently with the right to arbitrate—namely, by waiting more than a year to raise the prospect of arbitration and leading plaintiff on a futile discovery pursuit in the meantime— the 777 Defendants waived any right to arbitrate Al-Nahhas' claims. But even had they raised a right to arbitrate "at the earliest possible opportunity," *Cabinetree*, 50 F.3d at 391, their motion would fail because the 777 Defendants were not signatories to the Loan Agreements and have not demonstrated that any nonparty enforcement doctrine should apply under Illinois law. Accordingly, they cannot invoke any benefit that agreement confers and their motion to compel arbitration is denied.

Dated: August 25, 2023

John J. Tharp, Jr.
United States District Judge

---

[8] Because it concludes that the 777 Defendants are not parties to the agreement, and in any case, waived any right to arbitrate, it need not consider Al-Nahhas's argument that the arbitration agreement is unenforceable pursuant to the doctrines of prospective waiver and unconscionability.

21

Firefox                                                    https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 27 of 46 PageID #:2916
Case: 23-2723    Document: 1-1    Filed: 08/31/2023    Pages: 46    (27 of 46)

APPEAL,CASREF,FUENTES,PROTO

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:22-cv-00750
# Internal Use Only

Hussam Al-Nahhas v. Rosebud Lending LZO et al
Assigned to: Honorable John J. Tharp, Jr
Referred to: Honorable Gabriel A. Fuentes
Cause: 18:1964 Racketeering (RICO) Act

Date Filed: 02/10/2022
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt
Organization
Jurisdiction: Federal Question

### Plaintiff

**Eido Hussam Al-Nahhas**
*on behalf of Plaintiff and the class*
*members described below*
*also known as*
Mohammad Al-Nahhas

represented by **Daniel A. Edelman**
Edelman, Combs, Latturner & Goodwin,
LLC
20 S. Clark Street
Suite 1500
Chicago, IL 60603
312-739-4200
Email: courtecl@edcombs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dulijaza Clark**
Edelman, Combs, Latturner & Goodwin,
LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
(312) 739-4200
Email: jclark@edcombs.com
*ATTORNEY TO BE NOTICED*

**Matthew J. Goldstein**
Edelman, Combs, Latturner & Goodwin,
LLC
20 S. Clark Street
Suite 1500
Chicago, IL 60603
312-739-4200
Email: mgoldstein@edcombs.com
*ATTORNEY TO BE NOTICED*

**Tara Leigh Goodwin**
Edelman, Combs, Latturner & Goodwin
LLC

Firefox                                    https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 28 of 46 PageID #:2917
Case: 23-2723      Document: 1-1      Filed: 08/31/2023      Pages: 46      (28 of 46)

20 South Clark Street
Suite 1500
Chicago, IL 60603
(312) 739-4200
Email: tgoodwin@edcombs.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Rosebud Lending LZO**                  represented by   **Sarah Ann Zielinski**
*doing business as*                                       McGuireWoods LLP
ZocaLoans                                                 77 West Wacker Drive
                                                          Suite 4100
                                                          Chicago, IL 60601
                                                          312 849 8288
                                                          Email: szielinski@mcguirewoods.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Amy L. Starinieri Gilbert**
                                                          Mcguirewoods Llp
                                                          77 W. Wacker Drive
                                                          Suite 4100
                                                          Chicago, IL 6061
                                                          (630) 881-8065
                                                          Email: agilbert@mcguirewoods.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Oscar A Gomez**
                                                          EPGD Attorneys at Law, P.A.,
                                                          777 SW 37th Ave
                                                          Ste 510
                                                          Miami, FL 33135
                                                          786-837-6787
                                                          Email: oscar@epgdlaw.com
                                                          *TERMINATED: 11/29/2022*
                                                          *PRO HAC VICE*

**Defendant**

**777 PARTNERS LLC**                     represented by   **Nakia Lynn Arrington**
                                                          Van Ness Feldman LLP
                                                          1050 Thomas Jefferson Street NW
                                                          7th Floor
                                                          Washington, DC 20007
                                                          (202) 298-1800
                                                          Email: narrington@vnf.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Oscar A Gomez**

(See above for address)
*TERMINATED: 11/29/2022*
*PRO HAC VICE*

**Patrick Daugherty**
Van Ness Feldman, LLP
1050 Thomas Jefferson St., NW
Ste Seventh Floor
Washington, DC 20007
202-298-1810
Email: pod@vnf.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott P. Clair**
Scott Clair
166 W. Washington St.
Suite 400
Chicago, IL 60602
847-372-6374
Email: sclair@scottclairlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tactical Marketing Partners, LLC**          represented by  **Nakia Lynn Arrington**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Oscar A Gomez**
(See above for address)
*TERMINATED: 11/29/2022*
*PRO HAC VICE*

**Patrick Daugherty**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott P. Clair**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1-20**

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 02/10/2022 | 1 | ☐ 5.0 MB | COMPLAINT - *Class Action* filed by EIDO HUSSAM AL-NAHHAS; Jury Demand. Filing fee $ 402, receipt number 0752-19144591. |

Firefox                                                           https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 30 of 46 PageID #:2919
Case: 23-2723    Document: 1-1    Filed: 08/31/2023    Pages: 46    (30 of 46)

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(Edelman, Daniel) (Entered: 02/10/2022) |
| 02/10/2022 | | | CASE ASSIGNED to the Honorable John J. Tharp, Jr. Designated as Magistrate Judge the Honorable Gabriel A. Fuentes. Case assignment: Random assignment. (lw, ) (Entered: 02/10/2022) |
| 02/10/2022 | | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (lw, ) (Entered: 02/10/2022) |
| 02/10/2022 | 2 | ☐ 323.3 KB | ATTORNEY Appearance for Plaintiff EIDO HUSSAM AL-NAHHAS by Daniel A. Edelman (Edelman, Daniel) (Entered: 02/10/2022) |
| 02/10/2022 | 3 | ☐ 313.4 KB | ATTORNEY Appearance for Plaintiff EIDO HUSSAM AL-NAHHAS by Tara Leigh Goodwin (Goodwin, Tara) (Entered: 02/10/2022) |
| 02/10/2022 | 4 | ☐ 320.0 KB | ATTORNEY Appearance for Plaintiff EIDO HUSSAM AL-NAHHAS by Matthew J. Goldstein (Goldstein, Matthew) (Entered: 02/10/2022) |
| 02/11/2022 | | | SUMMONS Issued as to Defendants 777 PARTNERS LLC, ROSEBUD LENDING LZO d/b/a ZocaLoans, TACTICAL MARKETING PARTNERS, LLC (cm, ) (Entered: 02/11/2022) |
| 02/16/2022 | 5 | ☐ 1.7 MB | SUMMONS Returned Executed by Eido Hussam Al-Nahhas as to Tactical Marketing Partners, LLC on 2/15/2022, answer due 3/8/2022. (Goldstein, Matthew) (Entered: 02/16/2022) |
| 03/01/2022 | 6 | ☐ 2.1 MB | SUMMONS Returned Executed by Eido Hussam Al-Nahhas as to 777 PARTNERS LLC on 2/18/2022, answer due 3/11/2022. (Goldstein, Matthew) (Entered: 03/01/2022) |
| 03/11/2022 | 7 | ☐ 150.9 KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19238325. (Gomez, Oscar) (Entered: 03/11/2022) |
| 03/14/2022 | 8 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Oscar A. Gomez's motion for leave to appear pro hac vice 7 is granted. Mailed notice (air, ) (Entered: 03/14/2022) |
| 05/11/2022 | 9 | ☐ 85.3 KB | WAIVER OF SERVICE returned executed by Eido Hussam Al-Nahhas. Rosebud Lending LZO waiver sent on 5/6/2022, answer due 7/5/2022. (Goldstein, Matthew) (Entered: 05/11/2022) |
| 07/06/2022 | 10 | ☐ 171.5 KB | MOTION by Defendants 777 PARTNERS LLC, Rosebud Lending LZO, Tactical Marketing Partners, LLC for extension of time (Attachments: # 1 Text of Proposed Order)(Gomez, Oscar) (Entered: 07/06/2022) |

| 07/07/2022 | 11 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Defendants Rosebud Lending LZO d/b/a ZocaLoans, 777 PARTNERS LLC, and Tactical Marketing Partners, LLC's unopposed motion for an extension of time 10 is granted. The defendants' answers or other responsive pleadings are due by 8/4/2022. Mailed notice (air, ) (Entered: 07/07/2022) |
|---|---|---|---|
| 08/09/2022 | 12 | ☐ 383.9 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas for entry of default *Order Against Defendants 777 Partners, LLC, Tactical Marketing Partners, LLC, and Rosebud Lending LZO d/b/a Zocaloans* (Goldstein, Matthew) (Entered: 08/09/2022) |
| 08/17/2022 | 13 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr: The plaintiff's motion for an order of default 12 is granted. Pursuant to FRCP 55(a), the Clerk is directed to enter the defendants' default. The plaintiff is granted leave to file a motion for default judgment. Mailed notice (air, ) (Entered: 08/17/2022) |
| 08/18/2022 | 14 | ☐ 284.3 KB | MOTION by Defendants 777 PARTNERS LLC, Rosebud Lending LZO, Tactical Marketing Partners, LLC to set aside default (Attachments: # 1 Text of Proposed Order)(Gomez, Oscar) (Entered: 08/18/2022) |
| 08/19/2022 | 15 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:The defendants' unopposed motion to set aside default 14 is granted. The defendants' answer or other responsive pleading is due by 9/1/2022. Mailed notice (air, ) (Entered: 08/19/2022) |
| 09/01/2022 | 16 | ☐ 140.6 KB | ANSWER to Complaint by 777 PARTNERS LLC, Rosebud Lending LZO, Tactical Marketing Partners, LLC(Gomez, Oscar) (Entered: 09/01/2022) |
| 09/02/2022 | 17 | ☐ 4.4 KB | MINUTE entry before the Honorable John J. Tharp, Jr: The parties are directed to review the procedures for initial status reports, located at [https://www.ilnd.uscourts.gov/judge-info.aspx?79eF+7uiX7ewBj /ITKrjoA==] and to submit an initial status report by 9/9/2022. The report should include a proposed case management schedule reflecting any disputes between the parties as to the proposed schedule. Mailed notice (air, ) (Entered: 09/02/2022) |
| 09/06/2022 | 18 | ☐ 340.1 KB | ATTORNEY Appearance for Plaintiff Eido Hussam Al-Nahhas by Dulijaza Clark (Clark, Dulijaza) (Entered: 09/06/2022) |
| 09/08/2022 | 19 | ☐ 607.1 KB | STATUS Report *JOINT INITIAL STATUS REPORT AND CASE MANAGEMENT SCHEDULE* by Eido Hussam Al-Nahhas (Goldstein, Matthew) (Entered: 09/08/2022) |
| 09/08/2022 | 20 | ☐ 4.6 KB | MINUTE entry before the Honorable John J. Tharp, Jr:The Court has reviewed the parties' initial status report 19 , and discovery shall proceed as follows (subject to modifications approved by the Magistrate Judge): Initial disclosures required by Fed. R. Civ. P. 26(a)(1) are due by 9/23/2022, the deadline for adding additional parties or otherwise amending the complaint is 3/3/23, fact discovery closes 6/28/2023, and the motion for class certification is due by 5/30/2023. Dispositive motions are due 7/11/2023. All further discovery scheduling and |

Firefox                                                              https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 32 of 46 PageID #:2921
Case: 23-2723    Document: 1-1    Filed: 08/31/2023    Pages: 46    (32 of 46)

| | | | supervision is referred to the assigned Magistrate Judge. The referral includes authority to conduct any settlement conference the parties may jointly seek. Mailed notice (air, ) (Entered: 09/08/2022) |
|---|---|---|---|
| 09/08/2022 | 21 | ☐ 3.9 KB | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Gabriel A. Fuentes for the purpose of holding proceedings related to: discovery scheduling, supervision and any settlement conference.(air, )Mailed notice. (Entered: 09/08/2022) |
| 09/09/2022 | 22 | ☐ 4.7 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: This matter coming before the magistrate judge on referral (doc. # 21 ) for discovery supervision and settlement, the Court has reviewed the parties' status report (doc. # 19 ) and makes no adjustments to the district court's discovery scheduling order (doc. # 20 ). A joint written status report on discovery progress is due by noon on 11/17/22, and if any expert discovery is anticipated, the report should so state. The parties are further directed to review the Court's Standing Order for Civil Cases Before Magistrate Judge Fuentes and the Top Ten Ways to Defeat Settlement, both available on the Court's website. If the parties at any time decide they wish to engage in a settlement conference with the magistrate judge, they may contact the courtroom deputy, Jenny Jauregui, at 312-818-6514 to initiate the scheduling. Mailed notice (lp, ) (Entered: 09/09/2022) |
| 11/16/2022 | 23 | ☐ 218.4 KB | MOTION by Attorney OSCAR GOMEZ to withdraw as attorney for 777 PARTNERS LLC, Rosebud Lending LZO, Tactical Marketing Partners, LLC. New address information: 600 BRICKELL AVE., 19TH FLOOR, MIAMI, FLORIDA 33131 (Attachments: # 1 Supplement Notification of Party Contact Information)(Gomez, Oscar) (Entered: 11/16/2022) |
| 11/17/2022 | 24 | ☐ 48.5 KB | STATUS Report on Discovery by Eido Hussam Al-Nahhas (Goldstein, Matthew) (Entered: 11/17/2022) |
| 11/17/2022 | 25 | ☐ 4.8 KB | MINUTE entry before the Honorable John J. Tharp, Jr:A telephone conference on EPGD's motion to withdraw as counsel 23 will be held on 11/29/22 at 9:15 a.m. Directions for counsel and the parties for participating in the telephonic hearing will be provided by email prior to the hearing. Counsel are instructed to use those directions, which require logging into the call via a web site. Members of the public and media who wish to listen to this hearing may call in to the hearing by dialing 877-848-7030 and, upon prompting, entering the access code: 5784864. Persons granted remote access to proceedings are reminded that this is a court proceeding and should be treated as such; phones should be muted at all times unless you are authorized to participate in the hearing. In addition, the general prohibition against photographing, recording, and rebroadcasting of court proceedings applies. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (air, ) (Entered: 11/17/2022) |

Firefox                                                                                    https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 33 of 46 PageID #:2922
Case: 23-2723    Document: 1-1    Filed: 08/31/2023    Pages: 46    (33 of 46)

| 11/17/2022 | 26 | ☐<br>4.3 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the joint status report (doc. # 24 ) on discovery, no adjustments are made to the discovery schedule, and the next joint status report is due by noon on 2/23/23. Mailed notice. (kl, ) (Entered: 11/17/2022) |
|---|---|---|---|
| 11/23/2022 | 27 | ☐<br>59.0 KB | ATTORNEY Appearance for Defendant 777 PARTNERS LLC by Scott P. Clair *as Local Counsel* (Clair, Scott) (Entered: 11/23/2022) |
| 11/29/2022 | 28 | ☐<br>167.7 KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-20085248 on behalf of 777 Partners LLC and Tactical Marketing Partners (Daugherty, Patrick) Modified on 11/29/2022 (air, ). Modified on 11/29/2022 (air, ). (Entered: 11/29/2022) |
| 11/29/2022 | 29 | ☐<br>4.9 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Telephone conference held and continued to 12/21/22 at 9:00 a.m. Without objection, EPGD's motion to withdraw as counsel 23 , is granted. New counsel have appeared for Defendants 777 Partners LLC and Tactical Marketing Partners, LLC; new counsel for Rosebud Lending has not yet appeared. Rosebud Lending's Rule 26(a)(1) disclosure obligation is deferred pending the next status hearing. Directions for counsel and the parties for participating in the telephonic hearing will be provided by email prior to the hearing. Counsel are instructed to use those directions, which require logging into the call via a web site. Members of the public and media who wish to listen to this hearing may call in to the hearing by dialing 877-848-7030 and, upon prompting, entering the access code: 5784864. Persons granted remote access to proceedings are reminded that this is a court proceeding and should be treated as such; phones should be muted at all times unless you are authorized to participate in the hearing. In addition, the general prohibition against photographing, recording, and rebroadcasting of court proceedings applies. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (air, ) (Entered: 11/29/2022) |
| 11/29/2022 | 30 | ☐<br>4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Patrick Daugherty's motion for leave to appear pro hac vice 28 is granted. Counsel is directed to enter his appearance for defendants 777 Partners LLC and Tactical Marketing Partners LLC. Mailed notice (air, ) (Entered: 11/29/2022) |
| 11/29/2022 | 31 | ☐<br>4.5 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: With the withdrawal of Rosebud Lending's counsel having affected the discovery schedule (doc. #29), the parties are directed to file a joint status report no later than noon on 12/22/22 with either (1) a revised proposed schedule if new counsel has appeared and conferred with opposing counsel, or if the district court has ordered a new schedule; or (2) a proposed further status report date in January 2023 if new counsel has not appeared or has not had an opportunity to confer about discovery scheduling. Mailed notice. (exr, ) (Entered: 11/29/2022) |
| 11/30/2022 | 32 | ☐<br>62.0 KB | ATTORNEY Appearance for Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC by Patrick Daugherty (Daugherty, |

Firefox                                                    https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 34 of 46 PageID #:2923
Case: 23-2723      Document: 1-1       Filed: 08/31/2023      Pages: 46      (34 of 46)

| | | | Patrick) (Entered: 11/30/2022) |
|---|---|---|---|
| 12/02/2022 | 33 | ☐<br>64.7 KB | ATTORNEY Appearance for Defendant Tactical Marketing Partners, LLC by Scott P. Clair *as Local Counsel* (Clair, Scott) (Entered: 12/02/2022) |
| 12/21/2022 | 34 | ☐<br>4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Telephone conference held. Stay of discovery as to defendant Rosebud Lending is lifted. Discovery to move forward as directed by Magistrate Judge Fuentes. Mailed notice (air, ) (Entered: 12/22/2022) |
| 12/22/2022 | 35 | ☐<br>45.0 KB | STATUS Report *(Joint)* by Eido Hussam Al-Nahhas (Goldstein, Matthew) (Entered: 12/22/2022) |
| 12/22/2022 | 36 | ☐<br>4.5 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: With the district court having lifted the discovery stay as to Rosebud Lending (doc. # 34 ), and with plaintiff and defendants 777 Partners and Tactical requesting a status report date concerning a discovery schedule on 1/18/23 (doc. # 35 ), the Court directs all parties to confer under Rule 26(f) (including Rosebud Lending) in time for counsel to develop a proposed discovery schedule, contested or agreed, for inclusion in a status report due by noon on 1/19/23. Mailed notice. (lxk, ) (Entered: 12/22/2022) |
| 12/29/2022 | 37 | ☐<br>84.1 KB | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/19/2023 | 38 | ☐<br>74.0 KB | STATUS Report *(Joint)* by Eido Hussam Al-Nahhas (Goldstein, Matthew) (Entered: 01/19/2023) |
| 01/20/2023 | 39 | ☐<br>4.6 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the parties' joint status report (doc. # 38 ), which is construed as a joint agreed motion to modify the discovery schedule, the Court grants such motion in part by allowing a two-month fact discovery extension, not three months. The Court orders that fact discovery concludes on 8/31/23. The parties are to propose to the district court a schedule for amendment of pleadings, filing of a class certification motion, and dispositive motion litigation with the new fact cutoff in mind. A joint written status report on discovery progress and settlement status is due by noon on |

| | | | 6/29/23. Mailed notice. (lxk, ) (Entered: 01/20/2023) |
|---|---|---|---|
| 01/27/2023 | 40 | ☐ 52.7 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas for extension of time *AGREED Motion to Extend Deadlines* (Goldstein, Matthew) (Entered: 01/27/2023) |
| 01/30/2023 | 41 | ☐ 4.4 KB | MINUTE entry before the Honorable John J. Tharp, Jr:The parties' agreed motion to extend deadlines 40 is granted, and the Court adopts the parties' proposed schedule. The deadline to amend pleadings is 6/1/2023, the deadline to file a motion for class certification is 8/28/2023, and the deadline to file dispositive motions is 10/9/2023. Mailed notice (air, ) (Entered: 01/30/2023) |
| 03/02/2023 | 42 | ☐ 64.4 KB | ATTORNEY Appearance for Defendant Rosebud Lending LZO by Sarah Ann Zielinski (Zielinski, Sarah) (Entered: 03/02/2023) |
| 03/02/2023 | 43 | ☐ 64.4 KB | ATTORNEY Appearance for Defendant Rosebud Lending LZO by Amy L. Starinieri Gilbert (Gilbert, Amy) (Entered: 03/02/2023) |
| 03/02/2023 | 44 | ☐ 112.6 KB | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Rosebud Lending LZO (Zielinski, Sarah) (Entered: 03/02/2023) |
| 03/02/2023 | 45 | ☐ 134.5 KB | STATUS Report *Supplement to Joint Status Report* by Rosebud Lending LZO (Zielinski, Sarah) (Entered: 03/02/2023) |
| 03/03/2023 | 46 | ☐ 4.3 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the supplemental status report (doc. # 45 ), no adjustments to the discovery schedule are made. Mailed notice. (lxk, ) (Entered: 03/03/2023) |
| 03/03/2023 | 47 | ☐ 5.8 MB | MOTION by Plaintiff Eido Hussam Al-Nahhas to compel *DISCOVERY* (Attachments: # 1 Exhibit A-B)(Goldstein, Matthew) (Entered: 03/03/2023) |
| 03/03/2023 | 48 | ☐ 4.6 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: A hearing is set on plaintiff's motion to compel responses to discovery requests (doc. # 47 ), for the 9 a.m. motion call on 3/7/23 in Courtroom 1838 of the Dirksen U.S. courthouse. The sole relief sought in the motion is an order compelling responses to these discovery requests by a date certain. If the parties before 3/7/23 reach an agreement on a date for service of such responses, they may file a very brief status report before 5 p.m. on 3/6/23 to that effect, and the hearing will be vacated. Otherwise, the hearing will proceed and the parties should be prepared to argue the motion, with no further briefing permitted without order of court. Mailed notice. (lxk, ) (Entered: 03/03/2023) |
| 03/06/2023 | 49 | ☐ 45.6 KB | STATUS Report *on Discovery* by Eido Hussam Al-Nahhas (Goldstein, Matthew) (Entered: 03/06/2023) |

| | | | |
|---|---|---|---|
| 03/06/2023 | 50 | ☐ 4.4 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: In view of the parties' agreement on plaintiff's motion to compel (doc. # 47 ), as reported in the parties' joint status report (doc. # 49 ), the motion is denied as moot, and the 3/7/23 hearing on the motion is stricken. Defendants are ordered by agreement to serve full and complete discovery responses upon plaintiff's counsel no later than 3/27/23. Mailed notice. (lxk, ) (Entered: 03/06/2023) |
| 03/09/2023 | 51 | ☐ 117.6 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas for protective order *Joint Motion for Entry of a Confidentiality Order* (Goldstein, Matthew) (Entered: 03/09/2023) |
| 03/09/2023 | 52 | ☐ 4.3 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's joint motion for entry of confidentiality order (doc. # 51 ) is granted. Enter Agreed Confidentiality Order. Mailed notice. (lxk, ) (Entered: 03/09/2023) |
| 03/09/2023 | 53 | ☐ 266.2 KB | AGREED CONFIDENTIALITY Order. Signed by the Honorable Gabriel A. Fuentes on 3/9/2023. Mailed notice. (lxk, ) (Entered: 03/09/2023) |
| 04/07/2023 | ⇥ 54 | ☐ 117.5 KB | MOTION by Defendant Rosebud Lending LZO to compel *arbitration* (Zielinski, Sarah) (Entered: 04/07/2023) |
| 04/07/2023 | 55 | ☐ 193.4 KB | MEMORANDUM by Rosebud Lending LZO in support of motion to compel 54 *arbitration* (Zielinski, Sarah) (Entered: 04/07/2023) |
| 04/07/2023 | 56 | ☐ 143.8 KB | MOTION by Defendant Rosebud Lending LZO to stay *discovery pending ruling on its motion to compel arbitration* (Zielinski, Sarah) (Entered: 04/07/2023) |
| 04/07/2023 | 57 | ☐ 4.4 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendant's motion to stay discovery (doc. # 56 ) pending ruling on its motion to compel arbitration is set for hearing at the 9 a.m. motion call on 4/10/23 in Courtroom 1838 of the Dirksen U.S. Courthouse. The parties should be prepared to argue the motion at that time, and no additional written briefing is permitted at this time. Mailed notice. (lxk, ) (Entered: 04/07/2023) |
| 04/07/2023 | 58 | ☐ 4.3 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: The motion hearing set for 4/10/23 is reset to motion call on 4/12/23 at 9 a.m. in Courtroom 1838 of the Dirksen U.S. Courthouse. DATE CHANGE ONLY. Mailed notice. (lxk, ) (Entered: 04/07/2023) |
| 04/07/2023 | 59 | ☐ 31.3 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas to enforce *and for sanctions* (Goldstein, Matthew) (Entered: 04/07/2023) |
| 04/07/2023 | 60 | ☐ 4.4 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's motion to enforce (doc. # 59 ) is set for hearing at the motion call on 4/12/23 at 9 a.m. in Courtroom 1838 of the Dirksen U.S. Courthouse. The parties should be prepared to argue the motion at that time, and no additional written briefing is permitted at this time. Mailed notice. (lxk, ) (Entered: 04/07/2023) |

Firefox                                                                                                                                    https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 37 of 46 PageID #:2926
Case: 23-2723       Document: 1-1       Filed: 08/31/2023       Pages: 46       (37 of 46)

| 04/10/2023 | 61 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:The Court takes defendant Rosebud Lending's motion to compel arbitration 54 under advisement. Plaintiff's response is due by 4/28/2023. Any reply is due by 5/12/2023. Mailed notice (air, ) (Entered: 04/10/2023) |
| --- | --- | --- | --- |
| 04/11/2023 | 62 | ☐ 131.5 KB | MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC to compel *arbitration* (Daugherty, Patrick) (Entered: 04/11/2023) |
| 04/11/2023 | 63 | ☐ 147.8 KB | MEMORANDUM by 777 PARTNERS LLC, Tactical Marketing Partners, LLC in support of motion to compel 62 *arbitration* (Daugherty, Patrick) (Entered: 04/11/2023) |
| 04/11/2023 | 64 | ☐ 177.9 KB | MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC to stay *discovery pending ruling on its motion to compel arbitration* (Daugherty, Patrick) (Entered: 04/11/2023) |
| 04/11/2023 | 65 | ☐ 4.4 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: The 777 Partners and Tactical Marketing motion to stay discovery (doc. # 64 ) will be heard with the co-defendant Rosebud's similar motion to argue it at the 9 a.m. motion call on 4/12/23, so all parties should be prepared to argue it at that time. Mailed notice. (lxk, ) (Entered: 04/11/2023) |
| 04/12/2023 | 66 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:The Court takes defendant Defendants 777 Partners and Tactical Marketing Partners' motion to compel arbitration 62 under advisement. Plaintiff's response is due by 4/28/2023. Any reply is due by 5/12/2023. Mailed notice (air, ) (Entered: 04/12/2023) |
| 04/12/2023 | 67 | ☐ 6.2 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Motion hearing held on motions to stay by defendant Rosebud (doc. # 56 ) and by defendants 777 Partners and Tactical Marketing (doc. # 64 ), as well as on plaintiff's motion to enforce and for sanctions (doc. # 59 ). As to both stay motions, the motions are denied for the reasons stated on the record. All three defendants had more than a year to assert their motions to compel arbitration and did not do so; although the defendants were represented by other counsel now blamed for not raising that issue earlier, these parties did not respond to discovery requests served in October 2022 and did not respond to inquiries from plaintiff's counsel about when the responses and objections would be served. Then, under representation of current counsel, defendants decided to seek to compel arbitration and filed their motions to stay, notwithstanding having agreed to respond to discovery (this applies to defendants 777 Partners and Tactical Marketing) on 3/27/23, after plaintiff was put to the time and expense of a motion to compel (doc. # 47 ), which the Court then denied as moot upon the applicable defendants' agreement to respond on 3/27/23 (doc. # 50 ), and then plaintiff has filed the instant motion to enforce (doc. # 59 ) when plaintiff received no responses on that day but instead was served with a copy of the motions to stay on 4/7/23 (from Rosebud) and 4/11/23 (from 777 Partners and Tactical). Under all the circumstances, and in the Court's discretion per Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), and Fed. R. Civ. P. 1, this was a close call, but the Court is denying the stay motions because the time |

Firefox                                                    https://ilnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?937816553620373-L_1_0-1

Case: 1:22-cv-00750 Document #: 129 Filed: 08/31/23 Page 38 of 46 PageID #:2927
        Case: 23-2723    Document: 1-1    Filed: 08/31/2023    Pages: 46    (38 of 46)

| | | | |
|---|---|---|---|
| | | | to slow or stop discovery pending a motion to compel arbitration was long ago in this case filed in February 2022. This ruling is despite the Court's view that the motions to compel arbitration (by Rosebud and also by 777 Partners and Tactical Marketing) raise issues that sound in the nature of "threshold" questions that in other circumstances would present a compelling argument for a stay. See New England Carpenters Health & Welfare Fund v. Abbott Labs., No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013). In addition, the magistrate judge considers the circumstances weighing against a stay to be matters that do not constitute waiver of any issue relevant to the motions to compel arbitration. On plaintiff's motion to enforce (doc. # 59 ), which is directed only at 777 Partners and Tactical Marketing, the motion is granted in part and denied in part for the reasons stated on the record, with discovery responses due from the defendants for service by 5 p.m. on 4/27/23, with the request for a finding of waiver of objections denied, and with the sanctions request denied without prejudice. Further, Rosebud is ordered to supply its outstanding written discovery requests no later than 5 p.m. on 4/27/23 by agreement as stated in open court. A joint status report on discovery progress and compliance with this order is due at 5 p.m. on 5/4/23. The 6/29/23 status report date is stricken and reset to noon on 7/6/23. Fact discovery remains set to close on 8/31/23. Mailed notice. (lxk, ) (Entered: 04/12/2023) |
| 04/20/2023 | 68 | ☐ 194.3 KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-20558575. (Arrington, Nakia) (Entered: 04/20/2023) |
| 04/20/2023 | 69 | ☐ 196.3 KB | TRANSCRIPT OF PROCEEDINGS held on 4/12/23 before the Honorable Gabriel A. Fuentes. Order Number: 45662. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 5/11/2023. Redacted Transcript Deadline set for 5/22/2023. Release of Transcript Restriction set for 7/19/2023. (Fennell, Kathleen) (Entered: 04/20/2023) |
| 04/21/2023 | 70 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Nakia L. Arrington's motion for leave to appear pro hac vice 68 is granted. Counsel is directed to file an appearance on behalf of defendants Mailed notice (air, ) (Entered: 04/21/2023) |
| 04/21/2023 | 71 | ☐ 90.7 KB | ATTORNEY Appearance for Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC by Nakia Lynn Arrington (Arrington, Nakia) (Entered: 04/21/2023) |
| 04/24/2023 | 72 | ☐ 23.8 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas for extension of time *Plaintiff's Unopposed Motion to Extend Deadlines* (Goldstein, Matthew) |

| | | | (Entered: 04/24/2023) |
|---|---|---|---|
| 04/25/2023 | <u>73</u> | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr: Plaintiff's unopposed motion to extend deadlines <u>72</u> is granted. The Court adopts the parties' proposed briefing schedule for the defendants' motions to compel arbitration. Plaintiff's response is due by 5/8/2023. Defendants' reply is due by 5/22/2023.Mailed notice (air, ) (Entered: 04/25/2023) |
| 05/03/2023 | <u>74</u> | ☐ 335.1 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas for leave to file excess pages *Plaintiff's Unopposed Motion for Leave to File Oversized Briefs* (Goldstein, Matthew) (Entered: 05/03/2023) |
| 05/04/2023 | <u>75</u> | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Plaintiff's unopposed motion for leave to file excess pages <u>74</u> is granted. Plaintiff's response brief may not exceed twenty pages. Mailed notice (air, ) (Entered: 05/04/2023) |
| 05/04/2023 | <u>76</u> | ☐ 147.0 KB | STATUS Report *Joint re Discovery and Compliance with April 12, 2023 Order* by Rosebud Lending LZO (Zielinski, Sarah) (Entered: 05/04/2023) |
| 05/04/2023 | <u>77</u> | ☐ 2.0 MB | MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC to quash *Subpoena* (Attachments: # <u>1</u> Exhibit A)(Daugherty, Patrick) (Entered: 05/04/2023) |
| 05/05/2023 | <u>78</u> | ☐ 959.7 KB | MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC to quash *Subpoena Directed to JPMorgan Chase Bank, N.A.* (Attachments: # <u>1</u> Exhibit A)(Daugherty, Patrick) (Entered: 05/05/2023) |
| 05/05/2023 | <u>79</u> | ☐ 4.5 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' motions to quash subpoenas (doc. #s <u>77</u> , <u>78</u> ) are denied without prejudice for failure to comply with Local Rule 37.2. If the motions are renewed, defendants kindly are requested to file a consolidated motion, after Local Rule 37.2 compliance, that addresses all of the third party subpoenas sought to be quashed and known to defendants, rather than seriatim motions that are mirror images of each other. Mailed notice. (lxk, ) (Entered: 05/05/2023) |
| 05/08/2023 | <u>80</u> | ☐ 435.2 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas for leave to file *Under Seal Instanter*<br><br>Presented before Presiding Judge<br><br>(Goldstein, Matthew) (Entered: 05/08/2023) |
| 05/08/2023 | <u>81</u> | | SEALED RESPONSE *Plaintiff's Response in Opposition to Defendant Rosebud Lending LZO's Motion to Compel Arbitration* (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I)(Goldstein, Matthew) (Entered: 05/08/2023) |
| 05/08/2023 | <u>82</u> | ☐ 3.2 MB | RESPONSE by Plaintiff Eido Hussam Al-Nahhas *Plaintiff's Response in Opposition to Defendant Rosebud Lending LZO's Motion to Compel Arbitration* (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # |

| | | | 9 Exhibit I)(Goldstein, Matthew) (Entered: 05/08/2023) |
|---|---|---|---|
| 05/08/2023 | 83 | | SEALED RESPONSE *Plaintiff's Response in Opposition to Defendants 777 Partners, LLC and Tactical Marketing Partners, LLC's Motion to Compel Arbitration* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Goldstein, Matthew) (Entered: 05/08/2023) |
| 05/08/2023 | 84 | ☐ 3.4 MB | RESPONSE by Plaintiff Eido Hussam Al-Nahhas *Plaintiff's Response in Opposition to Defendants 777 Partners, LLC and Tactical Marketing Partners, LLC's Motion to Compel Arbitration* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Goldstein, Matthew) (Entered: 05/08/2023) |
| 05/15/2023 | 85 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:The plaintiff's motion for leave to file under seal instanter 80 is granted. Mailed notice (air, ) (Entered: 05/15/2023) |
| 05/17/2023 | 86 | ☐ 140.9 KB | MOTION by Defendant Rosebud Lending LZO for extension of time to file response/reply as to sealed response, 81 *UNOPPOSED MOTION* <br><br> Presented before Presiding Judge <br><br> , MOTION by Defendant Rosebud Lending LZO for leave to file excess pages *UNOPPOSED MOTION* <br><br> Presented before Presiding Judge <br><br> (Zielinski, Sarah) (Entered: 05/17/2023) |
| 05/18/2023 | 87 | ☐ 4.4 KB | MINUTE entry before the Honorable John J. Tharp, Jr: Defendant Rosebud Lending LZO's unopposed motion to extend the deadline to file its reply brief 86 is granted. Defendant's reply brief is due by June 5, 2023. Defendant's motion for leave to file an oversized reply brief is denied as unnecessary. Defendant requests permission to file a 15-page brief, but Local Rule 7.1 allows for the filing of 15-page briefs. Mailed notice (air, ) (Entered: 05/18/2023) |
| 05/18/2023 | 88 | ☐ 121.1 KB | MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC for extension of time to file response/reply as to sealed response, 83 *Unopposed Motion* <br><br> Presented before Presiding Judge <br><br> (Daugherty, Patrick) (Entered: 05/18/2023) |
| 05/19/2023 | 89 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr: Defendants' 777 PARTNERS LLC and Tactical Marketing Partners, LLC unopposed motion to extend the deadline to file their reply brief 88 is granted. Defendants' reply brief is due by 6/5/2023. Mailed notice (air, ) (Entered: 05/19/2023) |
| 05/31/2023 | 90 | ☐ 140.7 KB | MOTION by Defendant Rosebud Lending LZO for extension of time to file response/reply *UNOPPOSED MOTION TO FILE OVERSIZED* |

*REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION*

Presented before Presiding Judge

(Zielinski, Sarah) (Entered: 05/31/2023)

| 05/31/2023 | 91<br>4.5 KB | ☐ | MINUTE entry before the Honorable Gabriel A. Fuentes: The parties are directed to review and comply with the Court's Standing Order for Civil Cases Before Magistrate Judge Fuentes, available on the Court's website and revised as of 5/31/23, with the most recent revisions concerning the use of generative artificial intelligence in the preparation of documents filed with the magistrate judge under any applicable referral, or all filed documents if the matter is before the magistrate judge on consent. Mailed notice. (lxk, ) (Entered: 05/31/2023) |
| 06/01/2023 | 92<br>4.3 KB | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Defendant Rosebud Lending LZO's unopposed motion for leave to file an oversized reply brief 90 is granted. Defendant's reply may not exceed 20 pages. Mailed notice (air, ) (Entered: 06/01/2023) |
| 06/01/2023 | 93<br>499.4 KB | ☐ | MOTION by Plaintiff Eido Hussam Al-Nahhas for leave to file *Under Seal Instanter*<br><br>Presented before Presiding Judge<br><br>(Goldstein, Matthew) (Entered: 06/01/2023) |
| 06/01/2023 | 94 | | SEALED MOTION by Plaintiff Eido Hussam Al-Nahhas *Motion for Leave to File Amended Complaint*<br><br>Presented before Presiding Judge<br><br>(Attachments: # 1 Appendix I - First Amended Complaint - Class Action, # 2 Exhibit A to First Amended Complaint, # 3 Exhibit B to First Amended Complaint, # 4 Exhibit C to First Amended Complaint, # 5 Exhibit D to First Amended Complaint, # 6 Exhibit E to First Amended Complaint, # 7 Exhibit F to First Amended Complaint, # 8 Exhibit G to First Amended Complaint, # 9 Exhibit H to First Amended Complaint, # 10 Exhibit I to First Amended Complaint, # 11 Exhibit J to First Amended Complaint, # 12 Exhibit K to First Amended Complaint, # 13 Exhibit L to First Amended Complaint, # 14 Exhibit M to First Amended Complaint, # 15 Exhibit N to First Amended Complaint, # 16 Exhibit O to First Amended Complaint, # 17 Exhibit P to First Amended Complaint, # 18 Exhibit Q to First Amended Complaint, # 19 Exhibit R to First Amended Complaint, # 20 Exhibit S to First Amended Complaint)(Goldstein, Matthew) (Entered: 06/01/2023) |
| 06/01/2023 | 95<br>9.5 MB | ☐ | MOTION by Plaintiff Eido Hussam Al-Nahhas for leave to file *First Amended Complaint - Class Action*<br><br>Presented before Presiding Judge<br><br>(Attachments: # 1 First Amended Complaint - Class Action, # 2 Exhibit |

|  |  |  | A to First Amended Complaint, # 3 Exhibit B to First Amended Complaint, # 4 Exhibit C to First Amended Complaint, # 5 Exhibit D to First Amended Complaint, # 6 Exhibit E to First Amended Complaint, # 7 Exhibit F to First Amended Complaint, # 8 Exhibit G to First Amended Complaint, # 9 Exhibit H to First Amended Complaint, # 10 Exhibit I to First Amended Complaint, # 11 Exhibit J to First Amended Complaint, # 12 Exhibit K to First Amended Complaint, # 13 Exhibit L to First Amended Complaint, # 14 Exhibit M to First Amended Complaint, # 15 Exhibit N to First Amended Complaint, # 16 Exhibit O to First Amended Complaint, # 17 Exhibit P to First Amended Complaint, # 18 Exhibit Q to First Amended Complaint, # 19 Exhibit R to First Amended Complaint, # 20 Exhibit S to First Amended Complaint)(Goldstein, Matthew) (Entered: 06/01/2023) |
|---|---|---|---|
| 06/02/2023 | 96 | ☐ 4.4 KB | MINUTE entry before the Honorable John J. Tharp, Jr:The Court takes plaintiff's motion for leave to file a first amended complaint 95 under advisement. Defendants' responses are due by 6/16/2023, and any reply is due by 6/23/2023. Plaintiff's motion for leave to file exhibits to its motion for leave to amend under seal instanter 93 is granted. Mailed notice (air, ) (Entered: 06/02/2023) |
| 06/05/2023 | 97 | ☐ 188.7 KB | REPLY by 777 PARTNERS LLC, Tactical Marketing Partners, LLC to Response, 84 (Daugherty, Patrick) (Entered: 06/05/2023) |
| 06/05/2023 | 98 | ☐ 140.7 KB | MOTION by Defendant Rosebud Lending LZO to seal document MOTION by Defendant Rosebud Lending LZO to compel *arbitration* 54 , Response, 82 <br><br> Presented before Presiding Judge <br><br> (Zielinski, Sarah) (Entered: 06/05/2023) |
| 06/05/2023 | 99 |  | SEALED REPLY by Rosebud Lending LZO to MOTION by Defendant Rosebud Lending LZO to compel *arbitration* 54 , sealed response, 81 , MOTION by Defendant Rosebud Lending LZO to seal document MOTION by Defendant Rosebud Lending LZO to compel *arbitration* 54 , Response, 82 <br><br> Presented before Presiding Judge <br><br> 98 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Zielinski, Sarah) (Entered: 06/05/2023) |
| 06/05/2023 | 100 | ☐ 2.1 MB | REPLY by Rosebud Lending LZO to sealed response, 81 *redacted* (Attachments: # 1 Exhibit D - Redacted, # 2 Exhibit G, # 3 Exhibit Placeholders for Sealed Exhibits A-C, E-F, H)(Zielinski, Sarah) (Entered: 06/05/2023) |
| 06/06/2023 | 101 | ☐ 4.3 KB | MINUTE entry before the Honorable John J. Tharp, Jr:Defendant Rosebud Lending LZO's motion for leave to file its reply brief and accompanying exhibits under seal 98 is granted. Mailed notice (air, ) (Entered: 06/06/2023) |

| 06/15/2023 | 102 | ☐ 133.3 KB | NOTICE by Patrick Daugherty of Change of Address (Daugherty, Patrick) (Entered: 06/15/2023) |
|---|---|---|---|
| 06/16/2023 | 103 | ☐ 136.6 KB | RESPONSE by Rosebud Lending LZO to MOTION by Plaintiff Eido Hussam Al-Nahhas for leave to file *First Amended Complaint - Class Action*<br><br>Presented before Presiding Judge<br><br>95 (Zielinski, Sarah) (Entered: 06/16/2023) |
| 06/16/2023 | 104 | ☐ 118.6 KB | RESPONSE by 777 PARTNERS LLC, Tactical Marketing Partners, LLC to MOTION by Plaintiff Eido Hussam Al-Nahhas for leave to file *First Amended Complaint - Class Action*<br><br>Presented before Presiding Judge<br><br>95 (Daugherty, Patrick) (Entered: 06/16/2023) |
| 06/23/2023 | 105 | ☐ 1.2 MB | REPLY by Plaintiff Eido Hussam Al-Nahhas *Plaintiff's Reply in Support of Motion for Leave to File Amended Complaint* (Goldstein, Matthew) (Entered: 06/23/2023) |
| 06/30/2023 | 106 | ☐ 153.8 KB | MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC to quash *partially and modify subpoena directed to First Republic Bank*<br><br>Presented before Magistrate Judge<br><br>(Daugherty, Patrick) (Entered: 06/30/2023) |
| 06/30/2023 | 107 | ☐ 4.4 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' motion to quash and modify First Republic Bank subpoena (doc. # 106 ) is set for hearing at the Court's motion call at 10:30 a.m. on 7/7/23 in Courtroom 1838 of the Dirksen U.S. Courthouse. The parties should be prepared to argue the motion at that time, and no other briefing is permitted without court order. Mailed notice. (lxk, ) (Entered: 06/30/2023) |
| 07/06/2023 | 108 | ☐ 159.2 KB | STATUS Report *REGARDING DISCOVERY PROGRESS AND SETTLEMENT (JOINTLY FILED)* by Rosebud Lending LZO<br><br>Presented before Magistrate Judge<br><br>(Gilbert, Amy) (Entered: 07/06/2023) |
| 07/07/2023 | 109 | ☐ 4.6 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Hearing held on defendants' motion to quash and modify third-party bank subpoena (doc. # 106 ). For the reasons stated on the record, the motion is entered and continued. A confidential settlement status report is due to the Court's settlement correspondence email box by noon on 7/20/23. The parties were further counseled to consider the possibility of seeking a Rule 45 transfer to this Court, if discovery proceeds, of any out-of-district miscellaneous matters brought under Rule 45 in other districts to obtain compliance with discovery in those districts. Mailed notice. (lxk, |

| | | | ) (Entered: 07/07/2023) |
|---|---|---|---|
| 07/26/2023 | 110 | ☐ 4.5 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the parties' confidential status reports, the magistrate judge will not schedule a mediation at this time. A further status report on settlement involving all parties is due by noon on 8/31/23. In the meantime, the pending motion by the 777 Defendants to quash or modify the subpoena on First Republic Bank is reset for a motion hearing at 10 a.m. on 8/2/23. Plaintiff is ordered to file a response no later than 5 p.m. on 7/31/23 and including information concerning any similar subpoenas served and litigated in other districts. Mailed notice. (lxk, ) (Entered: 07/26/2023) |
| 07/31/2023 | 111 | ☐ 6.6 MB | RESPONSE by Eido Hussam Al-Nahhasin Opposition to MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC to quash *partially and modify subpoena directed to First Republic Bank*<br><br>Presented before Magistrate Judge<br><br>106 *Plaintiff's Response in Opposition 777 Partners, LLC and Tactical Marketing Partners, LLC's Motion to Partially Quash and Modify Subpoena Directed to First Republic Bank* (Attachments: # 1 Attachment I, # 2 Attachment II, # 3 Attachment III, # 4 Attachment IV, # 5 Attachment V, # 6 Attachment VI)(Goldstein, Matthew) (Entered: 07/31/2023) |
| 08/02/2023 | 112 | ☐ 4.4 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: Hearing held on defendants 777 PARTNERS LLC and Tactical Marketing Partners, LLC's motion to partially quash and modify subpoena (doc. # 106 ). For the reasons stated on the record, the motion is denied without prejudice. The 8/31/23 joint status report deadline previously set (doc. # 110 ) stands. Mailed notice. (lxk, ) (Entered: 08/02/2023) |
| 08/10/2023 | 113 | ☐ 509.4 KB | Plaintiff's Notice of Additional Authority in Response to Defendants' Motions to Compel Arbitration by Eido Hussam Al-Nahhas (Goldstein, Matthew) (Entered: 08/10/2023) |
| 08/10/2023 | 114 | ☐ 464.8 KB | MOTION by Plaintiff Eido Hussam Al-Nahhas for extension of time *(AGREED Motion to Modify Scheduling Order)*<br><br>Presented before District Judge<br><br>(Goldstein, Matthew) (Entered: 08/10/2023) |
| 08/11/2023 | 115 | ☐ 4.4 KB | MINUTE entry before the Honorable John J. Tharp, Jr: The Court takes plaintiff's notice of supplemental authority 113 under advisement. Any response, which must be limited in the same manner pursuant to Judge Tharp's Case Management Procedures located on the NDIL website, is due by 8/19/2023. Mailed notice (air, ) (Entered: 08/11/2023) |
| 08/11/2023 | 116 | ☐ 4.5 KB | MINUTE entry before the Honorable John J. Tharp, Jr: The parties' joint motion to amend the scheduling order 114 is granted. Plaintiff's motion for class certification is due by 11/26/2023. Any dispositive motions are due by 1/8/2024. In light of the representation that plaintiff has settled with defendant ZocaLoans, those parties are directed to file a status |

| | | | report reflecting the progress of settlement discussions by 9/7/2023, unless a notice of settlement is filed by then. Mailed notice (air, ) (Entered: 08/11/2023) |
|---|---|---|---|
| 08/11/2023 | [117] 465.9 KB | ☐ | MOTION by Plaintiff Eido Hussam Al-Nahhas for extension of time to complete discovery *(AGREED Motion to Extend the Deadline to Complete Fact Discovery)* <br><br> Presented before Magistrate Judge <br><br> (Goldstein, Matthew) (Entered: 08/11/2023) |
| 08/11/2023 | [118] 118.5 KB | ☐ | MOTION by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC for extension of time to file response/reply as to other [113] <br><br> Presented before District Judge <br><br> (Arrington, Nakia) (Entered: 08/11/2023) |
| 08/14/2023 | [119] 4.4 KB | ☐ | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's agreed motion to extend fact discovery to 11/29/23 (doc. # [117] ) is granted. A further joint written status report is set for noon on 11/16/23 concerning discovery and settlement progress; the parties are to report earlier promptly upon the onset of any asserted discovery stay. The 8/31/23 status report is vacated. Mailed notice. (lxk, ) (Entered: 08/14/2023) |
| 08/14/2023 | [120] 4.3 KB | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Defendants' motion for an extension of time to file a response to plaintiff's notice of additional authority [118] is granted. Defendants' response is due by 8/23/2023. Mailed notice (air, ) (Entered: 08/14/2023) |
| 08/15/2023 | 🔒 [121] 100.9 KB | ☐ | TRANSCRIPT OF PROCEEDINGS held on August 2, 2023 before the Honorable Gabriel A. Fuentes. Order Number: 46500. Transcriber Contact Information: Annette Montalvo, annette.montalvo@gmail.com. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 9/5/2023. Redacted Transcript Deadline set for 9/15/2023. Release of Transcript Restriction set for 11/13/2023. (Montalvo, Annette) (Entered: 08/15/2023) |
| 08/22/2023 | [122] 494.5 KB | ☐ | RESPONSE by Defendants 777 PARTNERS LLC, Tactical Marketing Partners, LLC to other [113] *Notice of Additional Authority* (Attachments: # [1] Attachment 1)(Daugherty, Patrick) (Entered: 08/22/2023) |
| 08/25/2023 | [123] 4.3 KB | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr: For the reasons set forth in the Court's accompanying Memorandum Opinion and Order, the 777 Defendants' motion to compel arbitration is denied. Enter Order. |

| | | | |
|---|---|---|---|
| | | | (ca, ) (Entered: 08/25/2023) |
| 08/25/2023 | 124 | ☐ 257.6 KB | MEMORANDUM Opinion and Order Signed by the Honorable John J. Tharp, Jr on 8/25/2023.(ca, ) (Entered: 08/25/2023) |
| 08/25/2023 | 125 | ☐ 4.4 KB | MINUTE entry before the Honorable Gabriel A. Fuentes: A joint status report concerning the parties' views on discovery and settlement in the short and near terms in the wake of the district court's denial today of the motion to compel arbitration is due by noon on 8/31/23. Mailed notice. (lxk, ) (Entered: 08/25/2023) |
| 08/29/2023 | 126 | ☐ 255.9 KB | NOTICE of appeal by 777 PARTNERS LLC, Tactical Marketing Partners, LLC regarding orders 124 , 123 Filing fee $ 505, receipt number AILNDC-20983622. Receipt number: n (Attachments: # 1 Docketing Statement)(Daugherty, Patrick) (Entered: 08/29/2023) |
| 08/31/2023 | 127 | ☐ 175.2 KB | STATUS Report *(Joint) Regarding Discovery and Settlement* by 777 PARTNERS LLC, Tactical Marketing Partners, LLC<br><br>Presented before Magistrate Judge<br><br>(Daugherty, Patrick) (Entered: 08/31/2023) |
| 08/31/2023 | 128 | ☐ 147.4 KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 126 . (aee, ) (Entered: 08/31/2023) |

Total filesize of selected documents (MB): ☐ 0

or    Maximum filesize allowed: 30 MB