UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| EIDO HUSSAM AL-NAHHAS, also known as Mohammad Al-Nahhas, on behalf of Plaintiff and the putative class members,<br><br>*Plaintiff-Appellee*,<br><br>v.<br><br>ROSEBUD LENDING LZO d/b/a ZocaLoans; 777 PARTNERS LLC; TACTICAL MARKETING PARTNERS, LLC; and JOHN DOES 1-20,<br><br>*Defendants-Appellants*. | **FIRST AMENDED DOCKETING STATEMENT**<br><br>**Case No. 23-2723**<br><br>Appeal from N.D. Ill.<br>Case No. 1:22-cv-750 |

**FIRST AMENDED DOCKETING STATEMENT**

Defendants 777 Partners, LLC and Tactical Marketing Partners, LLC (collectively the "777 Defendants") provide the following docketing statement pursuant to this Court's Order of September 12, 2023. ECF No. 11.

### I. Date of Filing of Notice of Appeal

The 777 Defendants filed their Notice of Appeal in the District Court on August 29, 2023. No. 1:22-cv-750, ECF No. 126.

### II. Jurisdiction of the District Court.

The Court's Order of September 12, 2023 states: "Defendants-appellants 777 Partners, LLC and Tactical Marketing Partners, LLC rely on diversity of citizenship for federal jurisdiction." ECF No. 11 at 1. This is not accurate. In his Complaint, Plaintiff alleges that "The Court has subject matter jurisdiction under 28 U.S.C. § 1331, 18 U.S.C. § 1964, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. Jurisdiction may also exist under 28 U.S.C. § 1332(d)." No. 1:22-cv-750, ECF No.

1, ¶ 3. Plaintiff's Complaint alleges that Plaintiff is "a resident of Illinois." *Id.* ¶ 6. Plaintiff's Complaint alleges that both 777 Defendants are limited liability companies organized under Delaware law with its principal place of business in Florida. *Id.* ¶¶ 18-19. Plaintiff's Complaint does not appear to include an allegation as to the amount in controversy.

The 777 Defendants have denied Plaintiff's jurisdictional allegations. No. 1:22-cv-750, ECF No. 16, ¶ 3. The 777 Defendants have stated they are without knowledge to admit or deny Plaintiff's status as a resident of Illinois. *Id.* ¶ 6. The 777 Defendants have admitted Plaintiff's allegations with respect to their corporate registration and principal places of business. *Id.* ¶¶ 18-19.

The District Court's order denying the 777 Defendants' Motion to Compel Arbitration (the ruling on appeal here) stated: "The plaintiff pursues legal theories grounded in the federal Racketeer Influenced and Corrupt Organization Act and state consumer protection laws against the 777 Defendants, and the Court is exercising supplemental jurisdiction over the state-law claims." No. 1:22-cv-750, ECF No. 124 at 15 n.7.

### III.   Jurisdiction of the Court of Appeals

This interlocutory appeal is taken from an appealable order of the United States District Court for the Northern District of Illinois denying the 777 Defendants' Motion to Compel Arbitration. The order was entered on August 25, 2023, by the Honorable Judge John J. Tharp, Jr.

The United States Court of Appeals for the Seventh Circuit has jurisdiction to decide this appeal pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a). In the FAA, "Congress provided for immediate interlocutory appeals of orders denying . . . motions to compel arbitration." *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023) (emphasis omitted).

2

Respectfully submitted,

By: /s/ Patrick O. Daugherty
Patrick O. Daugherty
Nakia Arrington
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., NW
Washington, DC 20007
(202) 298-1800
pod@vnf.com
narrington@vnf.com

Scott P. Clair
SCOTT P. CLAIR, ATTORNEY AT LAW
166 W. Washington Ave., Suite 400
Chicago, IL 60602
(847) 372-6374
sclair@scottclairlaw.com

*Counsel for 777 Defendants*

Dated: September 18, 2023