**No. 23-2723**
**Decided February 19, 2025**
**Easterbrook, Rovner, and Jackson-Akiwumi, JJ.**

––––––––––––––––––

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

––––––––––––––––––

EIDO HUSSAM AL-NAHHAS, also known as Mohammad Al-Nahhas,

*Plaintiff-Appellee,*

v.

777 PARTNERS LLC and TACTICAL MARKETING PARTNERS, LLC,

*Defendants-Appellants.*

––––––––––––––––––

On Appeal from the United States District Court for the Northern
District of Illinois, Eastern Division, No. 1:22-cv-00750
Honorable John J. Tharp Jr.

––––––––––––––––––

**PETITION FOR PANEL REHEARING OR**
**REHEARING EN BANC**

––––––––––––––––––

Scott P. Clair
SCOTT CLAIR LAW
166 W. Washington Street
Suite 400
Chicago, IL 60602
Telephone: (847) 372-6374
Email: sclair@scottclairlaw.com

Patrick O. Daugherty
VAN NESS FELDMAN, LLP
2000 Pennsylvania Avenue, Suite
6000
Washington, DC 20006
Telephone: (202) 298-1800
Email: pod@vnf.com

*(Additional Counsel Listed Inside Cover)*

Charlene Koski
VAN NESS FELDMAN, LLP
1191 Second Avenue
Suite 1800
Seattle, WA 98101
Telephone: (206) 623-9372
Email: ckoski@vnf.com

*Counsel for Defendants-Appellants*

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2723

Short Caption: Al-Nahhas v. 777 Partners LLC

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

777 Partners LLC

Tactical Marketing Partners, LLC

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Van Ness Feldman LLP; Scott Clair Law;

EPGD Attorneys at Law P.A. (entered 3/11/2022; terminated 11/29/2022)

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and

Tactical Marketing Partners, LLC's parent company is F3EA Holdings LLC; F3EA Holdings LLC's parent company is 777 Partners, LLC; 777 Partners, LLC's parent company is SuttonPark Acquisition LLC.

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

None for any of the entities listed in (3)(i).

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: s/ Patrick O. Daugherty    Date: March 5, 2025

Attorney's Printed Name: Patrick O. Daugherty

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes [✓]  No [ ]

Address: 2000 Pennsylvania Avenue, NW, Suite 6000

Washington, DC 20006

Phone Number: 202-298-1810    Fax Number: 202-338-2416

E-Mail Address: pod@vnf.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Save As     Clear Form

Appellate Court No: 23-2723

Short Caption: Al-Nahhas v. 777 Partners LLC

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    777 Partners LLC

    Tactical Marketing Partners, LLC

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Van Ness Feldman LLP; Scott Clair Law;

    EPGD Attorneys at Law P.A. (entered 3/11/2022· terminated 11/29/2022)

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and
        Tactical Marketing Partners, LLC's parent company is F3EA Holdings LLC; F3EA Holdings LLC's parent company is 777 Partners, LLC; 777 Partners, LLC's parent company is SuttonPark Acquisition LLC.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
        None for any of the entities listed in (3)(i).

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: s/ Charlene Koski    Date: March 5, 2025

Attorney's Printed Name: Charlene Koski

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐    No ☑

Address: 1191 Second Avenue, Suite 1800

    Seattle, WA 98101

Phone Number: 206-623-9372    Fax Number: 

E-Mail Address: ckoski@vnf.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2723

Short Caption: Al-Nahhas v. 777 Partners LLC

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

777 Partners LLC

Tactical Marketing Partners, LLC

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Van Ness Feldman LLP; Scott Clair Law;

EPGD Attorneys at Law P.A. (entered 3/11/2022· terminated 11 /29/2022)

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and

Tactical Marketing Partners, LLC's parent company is F3EA Holdings LLC; F3EA Holdings LLC's parent company is 777 Partners, LLC; 777 Partners, LLC's parent company is SuttonPark Acquisition LLC.

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

None for any of the entities listed in (3)(i).

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: s/ Scott P. Clair    Date: March 5, 2025

Attorney's Printed Name:  Scott P. Clair

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes [ ]    No [✓]

Address:  166 W. Washington Street. Suite 400

Chicago, IL 60602

Phone Number: 847-372-6374    Fax Number:

E-Mail Address: sclair@scottclairlaw.com

rev. 12/19 AK

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................v

INTRODUCTION AND RULE 40 STATEMENT ....................................1

BACKGROUND ......................................................................................3

REASONS FOR GRANTING THE PETITION .......................................7

    I.    Under *Rivera*, Plaintiff's State Law Punitive Damages
        Claim Cannot Remain in Federal Court Without Its
        Jurisdictional "Hook." ...............................................................7

    II.   Illinois State Law Does Not Permit Plaintiff to Seek
        Additional Punitive Damages on a Fully Satisfied
        Claim..........................................................................................9

    III.  The Panel's Opinion Contains a Material Factual
        Error. .......................................................................................11

    IV.  Other Issues Not Decided .......................................................12

        A.   *Portalatin* Bars Consideration of Amounts
            Allocated to Attorney's Fees in This Case. .................12

        B.   No Further Declaratory or Injunctive Relief Is
            Available to Plaintiff......................................................15

CONCLUSION .....................................................................................17

CERTIFICATE OF COMPLIANCE ......................................................20

CERTIFICATE OF SERVICE...............................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Al-Nahhas v. 777 Partners LLC*,
  No. 23-2723, slip op. (7th Cir. Feb. 19, 2025), ECF 56
  .................................................................... 2, 3, 6, 7, 11, 12, 18

*By-Prod Corp. v. Armen-Berry Co.*,
  668 F.2d 956 (7th Cir. 1982) ................................................................. 11

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. 153 (2016) ........................................................................... 2

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023) ........................................................................... 6

*E.F.L. v. Prim*,
  986 F.3d 959 (7th Cir. 2021) ................................................................. 7

*Hennessy v. Penril Datacomm Networks, Inc.*,
  69 F.3d 1344 (7th Cir. 1995) ........................................................ 1, 9, 11

*McGrew v. Heinold Commodities, Inc.*,
  497 N.E.2d 424 (Ill. App. Ct. 1986) ............................................ 2, 9, 18

*McKinney v. Ind. Mich. Power Co.*,
  113 F.3d 770 (7th Cir. 1997) .................................................................. 7

*Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*,
  900 F.3d 377 (7th Cir. 2018) .................................................... 12, 13, 14

*Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*,
  648 F.3d 533 (7th Cir. 2011) ................................................................ 17

*Rivera v. Allstate Insurance Co.*,
  913 F.3d 603 (7th Cir. 2018) ........................................................ 1, 7, 8, 18

## Statutes

815 ILCS 123/15-1-1 et seq. ................................................................. 10

815 ILCS 123/15-5-15 .......................................................................... 10

815 ILCS 505/1 ................................................................................ 7, 10

815 ILCS 505/10a ................................................................................ 10

9 U.S.C. § 3 .......................................................................................... 5

9 U.S.C. § 4 .......................................................................................... 5

9 U.S.C. § 16(a) .................................................................................... 5

15 U.S.C. § 1681a(y)(2) .......................................................................... 7

18 U.S.C. § 1964 ................................................................................... 5

28 U.S.C. § 1331 ................................................................................... 5

28 U.S.C. § 1332(d) ............................................................................... 5

28 U.S.C. § 1337 ................................................................................... 5

28 U.S.C. § 1367 ................................................................................... 5

## Other Authorities

Brian T. Fitzpatrick, *An Empirical Study of Class Action
   Settlements and Their Fee Awards*, 7 J. Empirical Legal
   Stud. 811 (2010) ......................................................................... 14, 15

## <u>INTRODUCTION AND RULE 40 STATEMENT</u>

The Court should grant rehearing or rehearing en banc of the panel's opinion on mootness for three reasons. First, rehearing is warranted because the panel's opinion conflicts with this Court's decision in *Rivera v. Allstate Insurance Co.*, 913 F.3d 603, 617-18 (7th Cir. 2018). Fed. R. App. P. 40(b)(2)(A). In *Rivera*, this Court held that when a plaintiff lacks standing to bring its federal claim, "there is no original jurisdictional 'hook' to support an assertion of § 1367(a) supplemental jurisdiction over" remaining state law claims. 913 F.3d at 617-18. Here, the Plaintiff has settled his federal claims for far more than his actual damages and lacks standing to bring a lawsuit in federal court. Yet—based on a single remaining state law claim for punitive damages—the panel's opinion held this appeal is not moot. That holding directly conflicts with *Rivera*.

Second, rehearing is warranted because the proceeding involves a question of exceptional importance and is contrary to this Court's prior observation that Illinois law does not allow punitive damages when compensatory damages are not available. *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1351-52 (7th Cir. 1995)

1

(recognizing the "familiar tort mantra that '[p]unitive damages may not be assessed in the absence of compensatory damages'" and citing Illinois cases). Fed. R. App. P. 40(b)(2)(A) and (D); *see also McGrew v. Heinold Commodities, Inc.*, 497 N.E.2d 424, 429 (Ill. App. Ct. 1986) ("Punitive damages can only be awarded when there is an award of compensatory damages.") (citations omitted).

Because Plaintiff has already received a settlement from his lender that is over 17 times more than he repaid, there can be no doubt that any claims for compensatory damages under the remaining state law claim have been fully satisfied. Without a plausible claim for additional compensatory damages, punitive damages are unavailable.

Third, rehearing is warranted because the panel's opinion contains a factual error that may have had a substantial impact on its consideration of mootness.[1] Fed. R. App. P. 40(b)(1)(A). The panel's opinion asserts that Plaintiff has a loan that remains outstanding. *Al-Nahhas v. 777 Partners LLC*, No. 23-2723, slip op. at 3 (7th Cir. Feb. 19,

---

[1] While the Supreme Court held in *Campbell-Ewald Co. v. Gomez* that "an *unaccepted* settlement offer or offer of judgment does not moot a plaintiff's case[,]" the Plaintiff here voluntarily accepted Rosebud Lending's settlement offer. 577 U.S. 153, 165 (2016) (emphasis added).

2025), ECF 56. However, the Settlement Agreement includes a broad release stating that the parties "acknowledge and agree that the disputes between them, whether asserted in this Action or not, are settled and compromised pursuant to the terms of this Agreement." CA ECF 47-4 at page 2 of 8, ¶ 2.[2] There is no outstanding loan between that could serve as a basis for finding that Plaintiff's claims are not moot.

This petition for rehearing and rehearing en banc is limited to the question of mootness (Slip op. at 15-16) and does not challenge the panel's holdings regarding enforcement of the arbitration provisions of Plaintiff's loan agreements. *Id.* at 6-14.

## BACKGROUND

Between January 2020 and September 2021, Plaintiff took out four loans from Rosebud Lending, an arm of the federally recognized Rosebud Sioux Tribe of the Rosebud Indian Reservation in South Dakota. DA005. In total, Plaintiff received $2,500.00 and promised to repay the principal and $8,361.32 in interest. DA022; DA031; DA040;

---

[2] Excerpts from the trial court record are cited here as "ECF [Docket Number] at [Pincite]." Citations to the Required Short Appendix are to "SA [Page]." Citations to the Separate Appendix submitted by Defendants-Appellants are to "DA [Page]." Citations to the Court of Appeals docket are cited as "CA ECF [Docket Number] at [Pincite]."

DA049. Plaintiff repaid the first three loans but defaulted on the fourth. If Plaintiff had fully repaid all four loans, he would have paid a total of $10,911.32.[3]

Plaintiff brought suit against Rosebud Lending, 777 Partners LLC and Tactical Marketing Partners, LLC (the "777 Defendants") who did not loan money to Plaintiff, but, through non-party subsidiaries, had contracts to provide business services and commercial financing to Rosebud Lending. ECF 63 at 2. Plaintiff made three state law claims in Counts I, II, and III. DA009-14. In Count IV, Plaintiff alleged a federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. DA014-15. Plaintiff's Complaint does not seek punitive damages under his RICO claim. *Id.* While this appeal was pending, Plaintiff entered into a Settlement Agreement with Rosebud Lending. *See* CA ECF 47-4. The Settlement Agreement was for an amount substantially greater than Plaintiff's maximum actual damages on each count combined.

---

[3] The slightly lower amount actually repaid by Plaintiff is not in the record. The 777 Defendants conservatively use this higher number to calculate Plaintiff's maximum damages.

In his complaint, Plaintiff-Appellee Eido Hussam-Al-Nahhas asserted that the District Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 1964, 28 U.S.C. § 1337, 28 U.S.C. § 1367, and 28 U.S.C. § 1332(d). DA001.[4] Plaintiff alleged violations of RICO, 18 U.S.C. § 1964, and state consumer protection laws.

The 777 Defendants moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 3, 4. The District Court asserted subject matter jurisdiction under 28 U.S.C. § 1331 and exercised supplemental jurisdiction over Plaintiff's state law claims. SA015 n.7.

In August 2023, the U.S. District Court for the Northern District of Illinois entered a final order denying the motion of the 777 Defendants to compel arbitration. SA001-021. The 777 Defendants filed a timely Notice of Appeal. ECF 126. This Court had jurisdiction under 9

---

[4] Plaintiff has alleged that class action diversity jurisdiction under 28 U.S.C. § 1332(d) "may" exist (DA001), 28 U.S.C. § 1332(d), but that did not serve as a basis for the District Court's exercise of jurisdiction, and Plaintiff failed to sufficiently allege diversity jurisdiction in his Complaint. For example, he has not alleged an amount in controversy. *See* DA001-16.

U.S.C. § 16(a) to hear the interlocutory appeal of the arbitration ruling. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023).

While this appeal was pending, Plaintiff entered into the Settlement Agreement with Rosebud Lending for an amount over 17 times greater than the amount Plaintiff agreed to repay in his loan agreements. Plaintiff and Rosebud Lending filed a motion seeking to dismiss Plaintiff's claims against Rosebud Lending on January 17, 2024. The 777 Defendants promptly moved to vacate the judgment and remand with instructions to dismiss as moot and obtained leave to file the Settlement Agreement under seal with the Court of Appeals. *See* CA ECF 47-4.

Before the panel, Plaintiff asserted, and the panel's opinion agreed, that even though any claim for actual damages might be satisfied by his settlement with his lender, his case is not moot because he has a single remaining claim for punitive damages under his state law claim in Count III. CA ECF 43 at 9; Slip op. at 15.

## REASONS FOR GRANTING THE PETITION

**I.    Under *Rivera*, Plaintiff's State Law Punitive Damages Claim Cannot Remain in Federal Court Without Its Jurisdictional "Hook."**

The panel's opinion held that Plaintiff's claim for punitive damages in Count III under the Illinois Consumer Fraud Act (815 ILCS 505/1 et seq.) saves his entire case from mootness. Slip op. at 15. But a single state law claim for punitive damages cannot keep Plaintiff's suit in federal court.[5] Under *Rivera*, Plaintiff's settlement of his federal RICO claim means he has lost his jurisdictional "hook" supporting supplemental jurisdiction over his remaining state law claims. He therefore lacks standing in federal court and this case is moot. *Rivera*, 913 F.3d at 617-18.

In *Rivera* this Court considered a suit that included a state law defamation claim and a federal claim under the federal Fair Credit

---

[5] Although this case did not become moot until after this appeal was pending, Courts have a "constitutional obligation to resolve the question of mootness[.]" *E.F.L. v. Prim*, 986 F.3d 959, 962-63 (7th Cir. 2021) (citations omitted). "Because this mootness rule is jurisdictional, it applies to cases that once presented a live controversy before the trial court but that subsequently were mooted by some event occurring while the case was on appeal." *McKinney v. Ind. Mich. Power Co.*, 113 F.3d 770, 772 (7th Cir. 1997) (citation omitted).

Reporting Act (15 U.S.C. § 1681a(y)(2)). *Id.* at 606. On rehearing, the
Court noted that the district court had rested its jurisdiction "solely
on federal-question jurisdiction" and so "the court's supplemental
jurisdiction under § 1367(a) to adjudicate the state-law defamation
claim evaporates if the claim on which federal jurisdiction rests is
dismissed on jurisdictional grounds." *Id.* at 612. After finding that the
plaintiffs lacked standing to assert the federal claim, the Court was
required to dismiss the federal count and dismiss the remaining state
law claims without prejudice. *Id.* at 618 (citing 16 James Wm. Moore,
Moore's Federal Practice § 106.66[1] (Daniel R. Coquillette et al. eds.,
3d ed. 2018)). The Court ordered that the judgment be vacated and the
case be remanded with instructions to dismiss the entire action for lack
of subject-matter jurisdiction. *Id.* (quoting Fed. R. Civ. P. 12(h)(3) ("If
the court determines at any time that it lacks subject-matter
jurisdiction, the court must dismiss the action.")).

   In Count IV of the case now before the Court, Plaintiff sought
treble damages under RICO against the 777 Defendants based on the
same facts and loan transactions supporting his other three state law
claims. DA015. However, Plaintiff does not seek punitive damages in

8

his RICO claim. Accordingly, Plaintiff's maximum recovery for his alleged RICO violations would be three times the total amount he paid Rosebud Lending, or no more than **$32,733.96**. Plaintiff's settlement with Rosebud Lending was for more than five times that amount. Because Plaintiff can have no further recovery on his RICO claim, his claim is moot. Without a RICO claim, Plaintiff has no federal "hook" upon which to rest supplemental jurisdiction over his state law claims.

## II. Illinois State Law Does Not Permit Plaintiff to Seek Additional Punitive Damages on a Fully Satisfied Claim.

In reaching its conclusion that Plaintiff has standing, in addition to conflicting with *Rivera*, the panel's opinion disregarded settled Illinois law disallowing the very relief on which the panel's opinion rests and this Court's prior observations that Illinois law does not allow punitive damages when compensatory damages are not available. *Hennessy*, 69 F.3d at 1352. This misapplication of a long-settled state law rule raises an issue of exceptional importance warranting rehearing.

Plaintiff's claim for punitive damages in Count III is based on Illinois law, which does not permit an award of punitive damages in the absence of compensatory damages. *McGrew*, 497 N.E.2d at 429

("Punitive damages can only be awarded when there is an award of compensatory damages.") (citations omitted).

Here, in Count III, Plaintiff sought damages for alleged violations of the Illinois Predatory Loan Prevention Act (815 ILCS 123/15-1-1 et seq.) and the Illinois Consumer Fraud Act (815 ILCS 505/1 et seq.). DA012. The first statute provides that no one may "retain any principal, fee, interest, or charges related to the loan." 815 ILCS 123/15-5-15. Plaintiff repaid no more than **$10,911.32**. The second statute cited in Count III permits actions "for actual economic damages." 815 ILCS 505/10a. Plaintiff's actual economic damages cannot exceed the amount of interest he repaid, which is no more than **$8,361.32**. Plaintiff's settlement provided him 17 times more than either measure of compensatory damages.

Since Plaintiff is no longer entitled to compensatory damages, Illinois law, expressed in *McGrew* and other cases, prohibits him from proceeding to trial on fully satisfied claims in the hopes of obtaining even more in punitive damages from the remaining Defendants. This Court has recognized this feature of Illinois law, noting that a "host of cases" support the principle that punitive damages may not be assessed

in the absence of compensatory damages. *Hennessy*, 69 F.3d at 1351-52
(citing *McGrew*; *Florsheim v. Travelers Indem. Co. of Ill.*, 393 N.E.2d
1223 (Ill. App. Ct. 1979); *Tonchen v. All–Steel Equip. Inc.,* 300 N.E.2d
616 (Ill. App. Ct. 1973), *cert. denied*, 71 Ill.2d 518; and *Kemner v.
Monsanto Co.,* 576 N.E.2d 1146 (Ill. App. Ct. 1991), *cert. denied*, 584
N.E.2d 130). While this Court noted a possible exception for the tort of
false imprisonment, this exception has no application to the loan
transactions at issue here. *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d
956, 961 (7th Cir. 1982).

## III.   The Panel's Opinion Contains a Material Factual Error.

The panel's opinion contains a material factual error that may
have had a substantial impact on its consideration of mootness. Fed. R.
App. P. 40(b)(1)(A). The panel's opinion asserts that Plaintiff has a loan
that remains outstanding. Slip op. at 3. However, the Settlement
Agreement includes a broad release stating that the parties
"acknowledge and agree that the disputes between them, whether
asserted in this Action or not, are settled and compromised pursuant to
the terms of this Agreement." CA ECF 47-4 at page 2 of 8, ¶ 2. There is

11

no outstanding loan between Plaintiff and Rosebud Lending that could serve as a basis for finding that Plaintiff's claims are not moot.

## IV.   Other Issues Not Decided

In light of its holding that the state law punitive damages claim was sufficient to sustain federal jurisdiction over the case, the panel's opinion declined to address "the parties' arguments about the role that attorneys' fees play in the single-recovery rule or whether Al-Nahhas's request for preliminary injunction prevents the case from becoming moot." Slip op. at 16. In the event the Court reaches these issues on rehearing, each issue is addressed briefly below.

### A.   *Portalatin* Bars Consideration of Amounts Allocated to Attorney's Fees in This Case.

Plaintiff argued that some portion of his award was attributed to attorney's fees. But this Court's decision in *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC* makes clear that the relevant number is what the Plaintiff receives, not how much the Plaintiff receives after accounting for attorney's fees. 900 F.3d 377, 381 (7th Cir. 2018). In that case, the plaintiff received $5,000 and each side agreed to "bears its own costs and attorney's fees." *Id.* In its analysis of mootness, the court referred to the full settlement amount of $5,000 without

reducing that amount to account for the attorney's fees the plaintiff had agreed to bear. *Id.* at 384.

Even allowing a one-third attorney fee, Plaintiff still received more than $100,000. Plaintiff cannot in good faith claim to have apportioned more than one-third of his settlement with Rosebud Lending to attorney's fees given that Plaintiff's complaint included a "Notice of Lien and Assignment" stating that Plaintiff's counsel asserted a right to one-third of Plaintiff's recovery. DA018. Allocations made in settlement agreements must be made in good faith to be considered by the courts. *Portalatin*, 900 F.3d at 384.

Like *Portalatin*, Plaintiff's Settlement Agreement provides that "[e]ach party shall bear their own costs and attorneys' fees." *Cf. Portalatin*, 900 F.3d at 382 *with* CA ECF 47-4, ¶ 12. Like *Portalatin*, Plaintiff's alleged harm is indivisible between the two Defendants. *Portalatin*, 900 F.3d at 384. Like *Portalatin*, Plaintiff's claims against Rosebud Lending and the 777 Defendants stem from the same conduct. *Cf. Portalatin*, 900 F.3d at 384 *with* DA003, DA014. And, like *Portalatin*, Plaintiff's Settlement Agreement resolves all claims arising out of the facts alleged in or capable of being alleged in this federal

action. *Cf. Portalatin*, 900 F.3d at 382 *with* CA ECF 47-4, ¶ B. Using settlement proceeds to pay counsel does not defeat mootness.

Although the allocation is irrelevant to this Court's analysis, Plaintiff's purported allocation of 95 percent of the settlement proceeds to counsel also suggests bad faith. Plaintiff and his counsel agreed at the outset of the litigation that Plaintiff's counsel would receive a one-third attorney fee and filed a statement with the District Court asserting that Plaintiff's counsel claimed "a lien upon any recovery herein for 1/3 or such amount as a court awards." DA018. Plaintiff now asserts the "or such amount as a court awards" means that he could allocate more than one-third of the settlement proceeds to counsel. CA ECF 43 at 12. However, there has been no court award here, only a settlement, so there is no good-faith basis for allocating any more than one-third of the settlement proceeds to Plaintiff's lawyers.

The 777 Defendants are also unaware of any case involving a 95-percent attorney-fee allocation. Empirical research previously cited by this Court indicates that the average attorney's fee in class settlements is about 25 percent and, even in settlements involving smaller dollar amounts, the average is still closer to 30 percent. *See* Brian T.

Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 837-40 (2010) (cited in *In re Stericycle Sec. Litig.*, 35 F.4th 555, 561-62 (7th Cir. 2022) and *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 958 (7th Cir. 2013)). Even the high-end outlier in that research was less than 50 percent. *Id.* at 838 (Fig. 6).

### B.    No Further Declaratory or Injunctive Relief Is Available to Plaintiff.

Plaintiff's settlement mooted any claims against the 777 Defendants for equitable relief because the 777 Defendants have no authority to collect on Plaintiff's fourth loan issued by Rosebud Lending. Plaintiff's obligations to repay that loan were ended by the Settlement Agreement. Plaintiff entered into four loan agreements with Rosebud Lending. DA005. Plaintiff repaid the first three loans in full and repaid most of the fourth loan. Plaintiff sued Rosebud Lending and eventually entered into the Settlement Agreement which includes a broad release stating that the parties "acknowledge and agree that the disputes between them, whether asserted in this Action or not, are settled and compromised pursuant to the terms of this Agreement." CA ECF 47-4 at page 2 of 8, ¶ 2.

15

Plaintiff has no reasonable basis to fear "further collection efforts[.]" CA ECF 43 at 5. Plaintiff repaid his first three loans and only the fourth loan from Rosebud Lending had any balance outstanding at the start of this litigation. DA005. As a result of the Settlement Agreement, all claims between Rosebud and Plaintiff concerning Plaintiff's loans are resolved and there are no remaining grounds for any party to seek to collect more from Plaintiff. For that reason and because Plaintiff never entered into a loan agreement with the 777 Defendants, the 777 Defendants have no right to attempt to collect on the fourth and final loan between Plaintiff and Rosebud Lending. To the extent Plaintiff has alleged that the 777 Defendants have assisted Rosebud Lending with past collection efforts, such collections occurred only at the direction of Rosebud Lending as the lender and owner of the debt. Since Plaintiff has settled his claims against Rosebud Lending, including any claims Rosebud Lending might have had related to the fourth loan, there is no possibility of future collections against the Plaintiff related to any of the loans at issue in this litigation and

therefore no declaratory or injunctive relief that could benefit the Plaintiff individually.[6]

Plaintiff attempts to bolster his claim for declaratory and injunctive relief by claiming such relief would have a potentially beneficial effect on the members of the putative, but uncertified, class. CA ECF 43 at 6. This argument gives away the game. While other members of the putative class may have the ability to seek further relief, Plaintiff does not. Deprived of his personal stake in the outcome of the litigation by his voluntary settlement with Rosebud Lending, Plaintiff may not continue to serve as a figurehead class representative. "It takes a representative with a live claim to carry on with a class action." *Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 538 (7th Cir. 2011) (citations omitted).

## <u>CONCLUSION</u>

The opinion conflicts with *Rivera*'s holding that when a plaintiff lacks standing to bring its federal claim, "there is no original

---

[6] Plaintiff cannot credibly claim to need equitable relief regarding new loans he might obtain from Rosebud Lending in the future because Rosebud Lending ceased offering new loans at the end of 2023. CA ECF 30-2, ¶ 8.

17

jurisdictional 'hook' to support an assertion of § 1367(a) supplemental jurisdiction over" remaining state law claims. *Rivera*, 913 F.3d at 617-18. Plaintiff's RICO claim has been fully satisfied by his Settlement Agreement with Rosebud Lending. If the panel's opinion is correct that Plaintiff's state law claim for punitive damages nonetheless survives, that claim should be tested in state court now that there is no federal "hook" remaining.

The opinion also conflicts with well-established Illinois state law precedent that prohibit an award of punitive damages in the absence of compensatory damages. *McGrew*, 497 N.E.2d at 429. Having already recovered substantially more than his maximum compensatory damages under his state law claim, Plaintiff may not recover additional punitive damages under state law. Therefore, Plaintiff's case is fully moot.

Finally, the opinion contains a material error of fact that should be corrected.

For these reasons, the 777 Defendants respectfully petition for rehearing and rehearing en banc on the mootness issue decided in the panel's opinion (Slip op. at 15-16).

Respectfully submitted,

Scott P. Clair
SCOTT CLAIR LAW
166 W. Washington Street
Suite 400
Chicago, IL 60602
Telephone: (847) 372-6374
Email: sclair@scottclairlaw.com

/s/ *Patrick O. Daugherty*
Patrick O. Daugherty
VAN NESS FELDMAN, LLP
2000 Pennsylvania Avenue, Suite 6000
Washington, DC 20006
Telephone: (202) 298-1800
Email: pod@vnf.com

Charlene Koski
VAN NESS FELDMAN, LLP
1191 Second Avenue
Suite 1800
Seattle, WA 98101
Telephone: (206) 623-9372
Email: ckoski@vnf.com

*Counsel for Defendants-Appellants*

Dated: March 5, 2025

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rules of Appellate Procedure 32(a) and 32(c), and Circuit Rule 32, I hereby certify that the foregoing Petition for Panel Rehearing or Rehearing En Banc of Defendants-Appellants has been prepared in a proportionally spaces typeface (using Microsoft Word 365, in 14-point Century Schoolbook font), contains 3,526 words total, excluding items exempted by Federal Rule of Appellate Procedure 32(f).

Respectfully submitted,

<u>/s/ *Patrick O. Daugherty*</u>
Patrick O. Daugherty

Dated: March 5, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2025, I electronically filed the Petition for Panel Rehearing or Rehearing En Banc of Defendants-Appellants with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ *Patrick O. Daugherty*
Patrick O. Daugherty

Dated: March 5, 2025