No. 23-2723

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

EIDO HUSSAM AL-NAHHAS,

*Plaintiff-Appellee,*

v.

777 PARTNERS LLC and TACTICAL MARKETING PARTNERS, LLC,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:22-cv-00750
The Honorable John J. Tharp Jr., District Judge

**PLAINTIFF-APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANTS'
PETITION FOR REHEARING OR REHEARING EN BANC**

**WALLACE MILLER**
Edward A. Wallace
Mark R. Miller
Matthew J. Goldstein
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
eaw@wallacemiller.com
mrm@wallacemiller.com
mjg@wallacemiller.com
T. 312.261.6193
F. 312.275.8174

*Counsel for Plaintiff-Appellee*

Save As    Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: __23-2723_____

Short Caption: __Al-Nahhas v. 777 Partners LLC_____

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> [ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
    Eido Al-Nahhas
    _____

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
    Wallace Miller; Edelman Combs, Latturner & Goodwin, LLC
    _____

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and
        N/A
        _____

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
        N/A
        _____

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
    N/A
    _____

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
    N/A
    _____

Attorney's Signature: _/s/ Matthew J. Goldstein_____    Date: _April 2, 2025_____

Attorney's Printed Name: _Matthew J. Goldstein_____

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [✔]    **No** [ ]

Address: _150 N. Wacker Drive, Suite 1100, Chicago, IL 60606_____

Phone Number: _(708) 943-7762_____    Fax Number: _(312) 275-8174_____

E-Mail Address: _mjg@wallacemiller.com_____

Save As          Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2723

Short Caption: Al-Nahhas v. 777 Partners LLC

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Eido Al-Nahhas

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Wallace Miller; Edelman, Combs, Latturner & Goodwin, LLC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Edward A. Wallace    Date: April 2, 2025

Attorney's Printed Name: Edward A. Wallace

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** [ ]  **No** [✔]

Address: 150 N. Wacker Drive, Suite 1100, Chicago, IL 60606

Phone Number: (312) 261-6193    Fax Number: (312) 275-8174

E-Mail Address: eaw@wallacemiller.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2723

Short Caption: Al-Nahhas v. 777 Partners LLC

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> [ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Eido Al-Nahhas

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Wallace Miller; Edelman Combs, Latturner & Goodwin, LLC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: /s/ Mark R. Miller    Date: April 2, 2025

Attorney's Printed Name: Mark R. Miller

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes [ ] No [✔]

Address: 150 N. Wacker Drive, Suite 1100, Chicago, IL 60606

Phone Number: (312) 589-6280    Fax Number: (312) 275-8174

E-Mail Address: mrm@wallacemiller.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.......................................................................ii

INTRODUCTION.....................................................................................1

BACKGROUND .......................................................................................1

ARGUMENT ............................................................................................4

    I.    Appellants' Request For Rehearing En Banc Should Be Denied As They Have Failed To Satisfy The Explicit Requirements Of Fed. R. App. P. 40(b)(2)(A) ........................6

    II.    There is No Conflict Between the Panel Decision and Any Decision of This Court .........................................................6

        A.    The Panel Decision Does Not Conflict with *Rivera v. Allstate Insurance Co*................................................. 6

        B.    There Is Also Subject Matter Jurisdiction Under CAFA .......................................................................7

    III.    The Case Is Not Moot Because Damages Have Not Been Determined.........................................................................8

    IV.    The Panel Decision Correctly Concluded That The Single-Recovery Rule Does Not Apply To Punitive Damages ...................................................................... 10

    V.    The Panel Did Not Make A "Material Factual Error"............13

    VI.    The Court Should Disregard Appellants' Arguments Concerning Issues Not Decided And Which Appellants Do Not Contend Are Bases For Rehearing.........................14

CONCLUSION ......................................................................................15

CERTIFICATIONS...............................................................................17

# TABLE OF AUTHORITIES

## CASES

*Al-Nahhas v. 777 Partners LLC*,
    2025 U.S. App. LEXIS 3789 (7th Cir. Feb. 19, 2025) ........... *passim*

*Bais Yaakov of Spring Valley v. Act, Inc.*,
    798 F.3d 46 (1st Cir. 2015) ......................................................... 10

*Bosco v. Serhant*,
    836 F.2d 271 (7th Cir. 1987) ................................................. 5, 12

*Campbell-Ewald Co. v. Gomez*,
    577 U.S. 153 (2016) ...................................................................... 9

*Chafin v. Chafin*,
    568 U.S. 165 (2013) ...................................................................... 9

*Darif v. Holder*,
    739 F.3d 329 (7th Cir. 2014) ..................................................... 14

*Easley v. Reuss*,
    532 F.3d 592 (7th Cir. 2008) ....................................................... 6

*Florsheim v. Travelers Indem. Co.*,
    75 Ill. App. 3d 298, 393 N.E.2d 1223 (1979) ............................. 11

*Freese v. Tripp*,
    70 Ill. 496 (1873) ........................................................................ 11

*F.L. Walz, Inc. v. Hobart Corp.*,
    224 Ill. App. 3d 727, 586 N.E.2d 1314 (1992) ............................. 9

*Gates v. Towery*,
    430 F.3d 429 (7th Cir. 2005) ..................................................... 10

*Gracia v. Sigmatron Int'l, Inc.*,
    986 F.3d 1058 (7th Cir. 2021) ................................................... 5, 7

*Hennessy v. Penril Datacomm Networks, Inc.*,
    69 F.3d 1344 (7th Cir. 1995) ........................................... 5, 10, 11

*HM Holdings v. Rankin*,
    72 F.3d 562 (7th Cir. 1995) ....................................................... 13

*In re Taylor,*
    793 F.3d 814 (7th Cir. 2015) ....................................................... 9

*Janusz v. City of Chi.,*
    832 F.3d 770 (7th Cir. 2016) ..................................................... 12

*Medcom Holding Co. v. Baxter Travenol Labs., Inc.,*
    106 F.3d 1388 (7th Cir. 1997) ..................................................... 9

*Minix v. Canarecci,*
    597 F.3d 824 (7th Cir. 2010) ............................................... 12, 13

*Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC,*
    900 F.3d 377 (7th Cir. 2018) ............................................... 14, 15

*Price v. Philip Morris, Inc.,*
    219 Ill. 2d 182, 848 N.E.2d 1 (2005) ......................................... 11

*Rivera v. Allstate Insurance Co.,*
    913 F.3d 603 (7th Cir. 2018) ........................................... 4, 5, 6, 7

*Rosado v. Wyman,*
    397 U.S. 397 (1970) ................................................................ 7, 8

*Scott v. Westlake Servs. LLC,*
    740 F.3d 1124 (7th Cir. 2014) ..................................................... 9

*Tonchen v. All-Steel Equip., Inc.,*
    13 Ill. App. 3d 454, 300 N.E.2d 616 (1973) ............................... 11

*United States v. American-Foreign S. S. Corp.,*
    363 U.S. 685 (1960) ................................................................... 4

*Warren v. Sessoms & Rogers, P.A.,*
    676 F.3d 365 (4th Cir. 2012) ..................................................... 9

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Art. III ..................................................................... 4, 6, 15

**STATUTES & RULES**

15 U.S.C. § 1962 ............................................................................ 15

18 U.S.C. § 1962(c) ............................................................. 2, 4, 7, 8, 10

28 U.S.C. § 1332(d) ........................................................................... 7, 8

28 U.S.C. § 1367 ............................................................................... 4, 7

28 U.S.C. § 1983 ............................................................................... 12

815 ILCS 123/15-1-1 *et seq.* ............................................................ 2

815 ILCS 205/6 ................................................................................ 2, 3

815 ILCS 505/1 ................................................................................ 2

815 ILCS 505/10 .............................................................................. 12

Fed. R. Civ. P. 8 ............................................................................... 14

Fed. R. Civ. P. 38 ............................................................................. 9

Fed. R. App. P. 40(b)(1)(A) .......................................................... 5, 13, 14

Fed. R. App. P. 40(b)(2)(A) .................................................. 4, 5, 6, 10, 13

Fed. R. App. P. 40(b)(2)(D) ............................................................ 5, 10

**OTHER AUTHORITIES**

13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*
    § 3533.3 (1984) ............................................................................ 10

## INTRODUCTION

A unanimous panel affirmed the district court's finding that Appellants waived any right to arbitrate and held that such questions are indeed for the district courts, not arbitrators. *Al-Nahhas v. 777 Partners LLC*, 2025 U.S. App. LEXIS 3789 (7th Cir. Feb. 19, 2025). Appellants do not petition for rehearing or rehearing en banc of those decisions. They seek review only of the panel's denial of their motion to dismiss the appeal as moot. But this case is not moot. Appellants' petition represents the latest in a series of tactics designed to delay the adjudication of Plaintiff's statutory rights, and it is wholly without merit.

Neither rehearing nor rehearing en banc is warranted here. The Court did not overlook or misapprehend any point of fact or law, the decision does not conflict with any decision of this Court or the Supreme Court, and the proceeding does not involve a question of exceptional importance. Because Appellants have failed to meet the standard for en banc review or panel rehearing their petition should be denied.

## BACKGROUND

This case concerns online loans made by a lending enterprise that does business as ZocaLoans. The loans at issue impose triple-digit interest rates, exponentially higher than the 9% interest rate cap for loans made by an unlicensed lender under Illinois law. ECF 1-2 at 11.[1] Defendants-Appellants 777 Partners, LLC and Tactical Marketing Partners, LLC's ("Appellants")

---

[1] This brief cites the district court docket as "ECF," the docket on appeal as "App. Dkt," Appellants' Separate Appendix as "DA," and Appellants' Petition for Rehearing as "Pet." The panel decision is sometimes referred to as the "Opinion."

manage all substantive aspects of this payday lending operation—funding, marketing, underwriting, loan servicing, electronic funds transfers, and collections—and receive the principal economic benefit from loans made in the name of ZocaLoans. ECF 83 at 2.

On February 10, 2022, Plaintiff-Appellee Eido Al-Nahhas ("Plaintiff") filed suit against Appellants and Rosebud Lending (the nominal lender), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and Illinois usury and consumer protection statutes. ECF 1.

Plaintiff, for himself, and on behalf of a class, seeks: (1) a declaratory judgment that loans made in the name of ZocaLoans are void, an order enjoining Appellants from collecting the illegal loans, and restitution of all amounts collected by Appellants; (2) statutory damages pursuant to the Illinois Interest Act, 815 ILCS 205/6; (3) actual and punitive damages and injunctive and declaratory relief pursuant to the Predatory Loan Prevention Act, 815 ILCS 123/15-1-1 *et seq.* and the Illinois Consumer Fraud Act, 815 ILCS 505/1; and (4) treble damages under RICO, which claim is against Appellants alone. *Id.* Plaintiff also seeks attorney's fees and costs of suit. *Id.*

Fourteen months after Plaintiff filed this case, Appellants raised their purported arbitral rights for the first time by way of moving to compel arbitration. ECF 62. Plaintiff opposed the motion, arguing that: (1) Appellants forfeited any right to arbitrate given their delay and litigation conduct; (2) even if Appellants did not forfeit any arbitral rights, they were not entitled to enforce

the contracts as non-signatories under applicable Illinois law; and (3) the arbitration contract was unenforceable as it prospectively waived Plaintiff's federal and state statutory rights and remedies and because it was unconscionable. ECF 84 at 2. Plaintiff also argued that the delegation provision was unenforceable as it required an arbitrator to determine whether a valid arbitration agreement exists without recourse to the body of law necessary to make that determination—state law. *Id.*

In August 2023, the district judge denied Appellants' motion, holding that they forfeited any right to arbitrate, and, in any event, were not entitled to enforce the arbitration contracts as non-signatories under applicable Illinois law. ECF 124. This appeal followed.

In December 2023, Plaintiff and Rosebud Lending LZO formalized a confidential settlement agreement. *See* App. Dkt. 45. Pursuant to that agreement, which has been sealed by the Court at Appellants' request (App. Dkt. 57), Plaintiff received a payment representing partial compensation for his statutory damages under the Illinois Interest Act (twice the total of all interest charged, 815 ILCS 205/6) and his former attorneys received some of their fees. App. Dkt. 45 at 1. To date, no claims have been released. *See* App. Dkt. 47-4, p. 4 of 8 at ¶8(a).

On January 17, 2024, Plaintiff moved to dismiss Rosebud Lending. ECF 141. After confirming that Appellants did not object to the dismissal, the district court granted Plaintiff's motion and dismissed the nominal lender from the case. ECF 147, 153, 154.

After this appeal was fully briefed, Appellants filed their Motion to Vacate the Judgment of the District Court and Remand with Instructions to Dismiss as Moot. App. Dkt. 30. Plaintiff opposed the motion. App. Dkt. 43.

On February 19, 2025, this Court affirmed the district court, holding that Appellants did indeed waive any arbitral rights—whether the standard of review is deferential or de novo—and that litigation-conduct based waiver questions are for the district courts, not arbitrators. *Al-Nahhas*, 2025 U.S. App. LEXIS 3789, at *19. The Court also denied Appellants' motion to dismiss the appeal as moot—the sole basis on which they petition for rehearing. *Id.* at *22.

## ARGUMENT

"En banc courts are the exception, not the rule." *United States v. American-Foreign S. S. Corp.*, 363 U.S. 685, 689 (1960). Appellants advance three arguments for rehearing, none of which satisfy the exacting standards of Rule 40. *First*, Appellants argue that the panel decision conflicts with the Court's decision in *Rivera v. Allstate Insurance Co.*, 913 F.3d 603 (7th Cir. 2018). Pet. at 1 (citing Fed. R. App. P. 40(b)(2)(A)).

In *Rivera*, the Court held that because the plaintiff lacked Article III standing to bring his federal claim in the first instance, the district court never had authority to adjudicate the supplemental claims under § 1367. 913 F.3d at 617. The Court therefore had no choice but to order the entire action dismissed. *Id.* Here, in contrast, the district court had subject matter jurisdiction over Plaintiff's RICO claim in the first instance. ECF 1. Accordingly, even if the RICO claim now suffers from some defect—and it does not—the

district court may still exercise jurisdiction over the supplemental state law claims. *Gracia v. Sigmatron Int'l, Inc.*, 986 F.3d 1058, 1066 (7th Cir. 2021). Such claims include claims for declaratory and injunctive relief. There is no conflict with *Rivera*.

*Second*, Appellants argue that the Court misapplied "a long-settled state law rule"—the single-recovery rule—which error, they contend, "raises an issue of exceptional importance warranting rehearing." Pet. at 9 (citing Fed. R. App. P. 40(b)(2)(A) and (D)). Appellants also submit that the Opinion "is contrary to this Court's prior observation" about the availability of damages under Illinois law. Pet. at 1 (citing *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344 (7th Cir. 1995)). But the Court did not hold what Appellants say it did; it simply reaffirmed that the single-recovery rule does not apply to punitive damages—and it does not. *See* Opinion at 15 (citing *Bosco v. Serhant*, 836 F.2d 271, 281 (7th Cir. 1987)). There is no issue of exceptional importance raised by a decision that accurately states the law.

*Third*, Appellants argue that the panel made a "material factual error" when it "asserted" that the fourth loan made to Plaintiff is outstanding. Pet. at 11 (citing Fed. R. App. P. 40(b)(1)(A)). But the fourth loan is in fact outstanding; the settlement agreement did not forgive or cancel it, and no claims have been released. In any event, the Court did not make a finding about the status of the loan, it was simply recounting the facts as alleged in the complaint. *See* Opinion at 3. Further, the fact is not material—the Court specifically stated

that the terms of the settlement did not influence its decision on mootness. *Id.* at 17.

Neither rehearing or rehearing en banc is warranted.

**I.     Appellants' Request For Rehearing En Banc Should Be Denied As They Have Failed To Satisfy The Explicit Requirements Of Fed. R. App. P. 40(b)(2)(A)**

The Court should deny Appellants' request for rehearing en banc because they have failed to state, let alone argue, that on account of the supposed conflict with *Rivera*, "the full court's consideration is...necessary to secure or maintain uniformity of the court's decisions." Fed. R. App. P. 40(b)(2)(A). As Appellants have not satisfied the explicit requirements of Fed. R. App. P. 40(b)(2)(A), their petition for rehearing on that basis should be denied. *See Easley v. Reuss*, 532 F.3d 592, 595 (7th Cir. 2008) (holding that the criteria for rehearing en banc are explicit and litigants must ensure "that their petitions meet those criteria.").

**II.    There is No Conflict Between the Panel Decision and Any Decision of This Court**

**A.     The Panel Decision Does Not Conflict with *Rivera v. Allstate Insurance Co.***

Appellants argue that the panel decision conflicts with the Court's decision in *Rivera v. Allstate Insurance Co.*, 913 F.3d 603, 617-18 (7th Cir. 2018). But the Court's opinion is consistent with *Rivera* and the law of this Circuit.

In *Rivera*, the Court concluded that because the plaintiff lacked Article III standing to bring his federal claim in the first instance, the district court never

6

had authority to adjudicate the supplemental claims under § 1367. *Rivera*, 913 F.3d at 617. The Court therefore had no choice but to order the entire action dismissed. *Id.* Here, in contrast, the district court had subject matter jurisdiction over Plaintiff's RICO claim, advanced against Appellants alone. Appellants have conceded as much. ECF 19 at 2.

As this Court noted, "[t]he Supreme Court has counseled that if a once valid federal claim suffers from jurisdictional defects down the road—for example, if the federal claim becomes moot—the loss of subject matter jurisdiction over that claim does not deprive the district court of authority to resolve any remaining supplemental state law claims." *Gracia*, 986 F.3d at 1066 (citing *Rosado v. Wyman*, 397 U.S. 397, 404 (1970)).

Thus, even if the RICO claim were satisfied—and it is not—the district court has discretion to exercise supplemental jurisdiction over the state law claims as it had jurisdiction under RICO in the first instance. *Gracia*, 986 F.3d at 1066. Such claims include live claims for declaratory and injunctive relief against Appellants. ECF 1. The Court's decision does not conflict with *Rivera*.

**B.    There Is Also Subject Matter Jurisdiction Under CAFA**

The district court also had jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiff alleged that jurisdiction may exist under CAFA (DA001) and Appellants agreed. *See* Joint Initial Status Report, ECF 19 at 2. The requirements for CAFA jurisdiction are satisfied because (1) the aggregate number of members of the proposed class is 100 or more, (2) the matter in

controversy exceeds the sum or value of $5 million, exclusive of interest and costs, (3) the parties are minimally diverse, and (4) none of CAFA's exceptions apply.

Appellants stated in their Opening Brief and Second Amended Docketing Statement—filed after the Court ordered them to show cause for their failure to identify the citizenship of their members—that "there are more than 10,000 loans that would fall within Plaintiff's putative class... [and] the total amount of those loans made by ZocaLoans exceeds $12,000,000." App. Dkt. 15 at 2. The aggregate number of class members clearly exceeds 100, and the amount in controversy is in excess of $5 million. With respect to citizenship, Appellants have asserted that they are citizens of Florida (ECF 19 at 2; *see also* App. Dkt. 15 at 1) and Plaintiff is a citizen of the state of Illinois (ECF 1 at ¶6). Accordingly, there is minimal diversity under CAFA. *See* 28 U.S.C. §1332(d)(2)(A).

The district court has subject matter jurisdiction under both RICO and CAFA. There is no basis for Appellants' contention that jurisdiction is lacking. Pet. at 17.

### III. The Case Is Not Moot Because Damages Have Not Been Determined

While Appellants concede Plaintiff's damages are not in the record (*see* Pet. at 4, fn. 3 ("[t]he slightly lower amount actually repaid by Plaintiff is not in the record"), they nevertheless claim that Plaintiff has recovered more than he is entitled. But this is an interlocutory appeal and the record as to Plaintiff's

damages has not been developed. Indeed, the only evidence the Court has right now is Appellants' bald assertions.

The law does not permit Appellants to unilaterally determine the amount and measure of Plaintiff's damages. Rather, under Illinois law, "the calculation and assessment of damages is a question of fact that is reserved for the jury." *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1400 (7th Cir. 1997) (citing *F.L. Walz, Inc. v. Hobart Corp.*, 224 Ill. App. 3d 727, 733, 586 N.E.2d 1314, 1319 (1992)). Plaintiff is entitled to have a jury determine his actual damages. *See* Fed. R. Civ. P. 38.

A case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 166 (2013) (internal quotation marks and citation omitted). "If the possibility of partial relief exists, the appeal is not moot." *In re Taylor*, 793 F.3d 814, 818 (7th Cir. 2015).

Because Plaintiff's damages have not been determined, there is no basis for Appellants to assert that his claims have been satisfied and this case moot. *See Scott v. Westlake Servs. LLC*, 740 F.3d 1124, 1126 (7th Cir. 2014) ("Where further discovery relevant to the merits and possibly even future rulings are needed to determine how much the defendant actually offered to pay, a live controversy still exists between the parties."); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 372 (4th Cir. 2012) (abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)) (holding that without "any evidentiary hearing or judicial fact finding in the district court, we simply

9

cannot hold that Warren could not possibly recover more than $250 if her case proceeded to a jury trial."); *Bais Yaakov of Spring Valley v. Act, Inc.*, 798 F.3d 46, 53 (1st Cir. 2015) (a dispute about the measure of damages is a merits question presenting a live controversy); 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3533.3, at 262 (1984) ("Damages should be denied on the merits, not on grounds of mootness."). Further, Plaintiff's RICO claim is against Appellants alone and he has not obtained the injunctive and declaratory relief that he seeks. *See* ECF 1.

As this Court noted, "[t]o eliminate the controversy and make a suit moot, the defendant must satisfy the plaintiffs' *demands*; only then does no dispute remain between the parties." *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005) (emphasis in original). Appellants are not willing to do that. The amount of Plaintiff's damages is a question for a jury, and Plaintiff is entitled to that determination. Appellants "cannot simply assume that its legal position is sound and have the case dismissed because it has tendered everything it *admits* is due. Mootness occurs when no more relief is possible. That point has not been reached." *Id.* (emphasis in original). So too here. There is a controversy between the parties.

## IV.    The Panel Decision Correctly Concluded That The Single-Recovery Rule Does Not Apply To Punitive Damages

Appellants argue that the Court misapplied "a long-settled state law rule"—the single-recovery rule—which they contend "raises an issue of exceptional importance warranting rehearing." Pet. at 9 (citing Fed. R. App. P. 40(b)(2)(A) and (D)). Appellants also assert that the decision "is contrary to this

Court's prior observation" concerning the availability of damages under Illinois law. Pet. at 1 (citing *Hennessy*, 69 F.3d at 1351-52). But Appellants misstate the Court's holding; the Court simply held that the single-recovery rule does not apply to punitive damages—and it does not. There is no issue of exceptional importance raised by a decision that accurately states the law.

Nothing the Court said is at odds with *Hennessy*, an appeal of a federal civil rights action under Title VII which did "not concern whether punitive damages are available under state law for a violation of state law." 69 F.3d at 1352.

*Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 284-85, 848 N.E.2d 1, 60 (2005) controls here. In *Price*, the Illinois Supreme Court held that "[p]unitive damages are in addition to compensatory damages and cannot be allowed unless actual damage is shown. Because plaintiffs sustained no actual damages here, their claim for punitive damages must therefore fail as well." *Id*. (internal citation omitted). Punitive damages are recoverable under Illinois law so long as one has suffered actual damage.

Here, Plaintiff has suffered actual damage (ECF 1), and Appellants do not contend otherwise. He may therefore recover punitive damages from Appellants. *See Price*, 219 Ill. 2d at 284-85; *Freese v. Tripp*, 70 Ill. 496, 501 (1873) (absent sustaining actual damage, punitive damages cannot be awarded); *Florsheim v. Travelers Indem. Co.*, 75 Ill. App. 3d 298, 310, 393 N.E.2d 1223, 1233 (1979) ("the plaintiff can only be awarded punitive damages where actual damage is shown."); *Tonchen v. All-Steel Equip., Inc.*, 13 Ill. App.

11

3d 454, 465, 300 N.E.2d 616, 624 (1973)) (same). Indeed, the Consumer Fraud Act specifically provides that, so long as one "suffers actual damage[,]" the court may award "actual economic damages *or any other relief* which the court deems proper...." 815 ILCS 505/10a(a) (emphasis added).

The Court rightly concluded that "the single-recovery rule does not apply to punitive damages." Opinion at 15. As the Court noted, "punitive damages do not measure the plaintiff's loss, so piling them on top of compensatory damages is permissible." *Id.* (citing *Bosco,* 836 F.2d at 281). That is wholly consistent with Illinois law.

In any event, as the Court observed (Opinion at 15), the single-recovery rule applies if "the amount of the loss has been judicially determined and a valid and final judgment has been entered." *Janusz v. City of Chi.*, 832 F.3d 770, 774 (7th Cir. 2016). Thus, once the plaintiff's damages are judicially determined, Appellants may attempt to obtain a set-off of the settlement amount.

That's what this Court held in *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010), where a plaintiff brought a § 1983 action against multiple defendants and, after an adverse summary judgment ruling, accepted an offer of judgment from one of the defendants. 597 F.3d at 830. The Court found that the plaintiff's acceptance of that offer (and subsequent receipt of the monies) did not moot the appeal; it "merely [gave] the remaining defendants a possible defense that, should they be found liable, Minix is precluded from recovering additional compensatory damages from them." *Id.* The Court also noted that

"the possibility of punitive damages would avoid mootness." *Id.* That's exactly what the Court held here. Opinion at 15.

The Court did not err in finding that Plaintiff's request for punitive damages against all defendants means that his case is not moot. As the sole basis for rehearing pursuant to Fed. R. App. P. 40(b)(2)(A) is that the Court's supposed error raises an issue of exceptional importance—and there was no error, nor would any error raise an issue of exceptional importance— Appellants' request for rehearing en banc should be denied. *See HM Holdings v. Rankin*, 72 F.3d 562, 563 (7th Cir. 1995) (denying petition for rehearing en banc where the Court was "unable to infer exceptional importance from the petition.").

## V.   The Panel Did Not Make A "Material Factual Error"

Nor did the Court make a "material factual error[.]" Pet. at 11. On the contrary, the Court correctly apprehended the facts on which its decision was based.

As the Federal Rules of Appellate Procedure explain, the purpose of a petition for panel rehearing is limited to identifying points of law or fact that the panel "overlooked or misapprehended." Fed. R. App. P. 40(b)(1)(A).

Appellants complain that "[t]he panel's opinion contains a material factual error that may have had a substantial impact on its consideration of mootness." Pet. at 11. Appellants go on to direct the Court to page 3 of the decision where the panel noted, in the section summarizing the allegations, that Plaintiff "repaid the first three" of the loans made to him, "but the fourth—

13

a $900 loan with a 585.21% interest rate—remains outstanding." *Id.* This purported error is the sole mistake of fact identified by Appellants. Pet. at 2.

As an initial mater, Appellants did not argue in their motion to dismiss the appeal as moot that the settlement agreement somehow released Plaintiff from having to repay the fourth loan. *See generally* App. Dkt. 30-1. The arguments should therefore be disregarded. *See Darif v. Holder,* 739 F.3d 329, 336-337 (7th Cir. 2014) ("arguments raised for the first time in a reply brief are waived."). Further, release is an affirmative defense; it does not spoil the district court's jurisdiction. *See* Fed. R. Civ. P. 8.

In any event, the panel specifically stated that "the terms of the settlement agreement did not influence our decision on mootness[.]" Opinion at 17. Appellants thus have no basis to assert that the settlement agreement influenced the Court's decision on mootness—the Court specifically stated that it did not.

The panel correctly observed that the fourth loan is outstanding as it has not been paid in full. The panel did not "overlook[] or misapprehend[]" a question of fact warranting rehearing. Fed. R. App. P. 40(b)(1)(A).

## VI. The Court Should Disregard Appellants' Arguments Concerning Issues Not Decided And Which Appellants Do Not Contend Are Bases For Rehearing

The Court should disregard Appellants' arguments concerning "Issues Not Decided." Pet. at 12-17. Issues not decided cannot be a basis for rehearing. In any event, *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377 (7th Cir. 2018) is inapposite.

*Portalatin* was a Fair Debt Collection Practices Act ("FDCPA") case in which the plaintiff settled with one of two defendants, disclaimed any entitlement to actual damages, and sought only statutory damages under the FDCPA and attorney's fees against the non-settling defendant. *Id.* at 381.

The plaintiff's settlement agreement provided he would receive $5,000, and did not allocate any of those monies for attorney's fees. *Id.* at 384. Because the plaintiff received $5,000—more than the maximum statutory damages of $1,000—and made no effort to allocate the recovery between defendants or elements of recovery, the Court found that the settlement satisfied the claim. *Id.*

Here, the amount of damages is not known, Plaintiff has disclaimed nothing, and he seeks treble damages, statutory damages, actual damages, and declaratory and injunctive relief. And unlike *Portalatin*, the settlement between Plaintiff and Rosebud Lending allocated the payment between an amount for Plaintiff, representing "partial compensation for his statutory damages under the Illinois Interest Act[,]" (twice the amount contracted for, so no less than $16,722.64), and an amount for attorney's fees for his prior counsel. App. Dkt. 45, ¶¶11-12.

This case is not moot.

## CONCLUSION

Appellants' petition for rehearing or rehearing en banc should be denied.

Dated: April 2, 2025

Respectfully submitted,

/s/ *Matthew J. Goldstein*

Edward A. Wallace
Mark R. Miller
Matthew J. Goldstein
**WALLACE MILLER**
150 North Wacker Drive
Suite 1100
Chicago, IL 60606
eaw@wallacemiller.com
mrm@wallacemiller.com
mjg@wallacemiller.com
T. 312.261.6193
F. 312.275.8174

*Counsel for Plaintiff- Appellee*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32, I hereby certify that this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 Business in 12-point Bookman Old Style font. I further certify that this document complies with Fed. R. App. P. 40(d)(3) as it contains 3889 words in total, including footnotes, excluding the items exempted by Fed. R. App. P. 32(f).

/s/ Matthew J. Goldstein
Matthew J. Goldstein

**CERTIFICATE OF SERVICE**

I, Matthew J. Goldstein, certify that on Wednesday, April 2, 2025, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, and notification of such filing was sent to all counsel of record.

/s/ *Matthew J. Goldstein*
Matthew J. Goldstein